72800. WILLIAMS v. UNITED PARCEL SERVICE, INC.
(349 SE2d 264)

POPE, Judge.

Appellant sued United Parcel Service, Inc. (UPS) for property damage to his automobile resulting from a collision between said automobile and a UPS vehicle. The jury returned a verdict in favor of UPS and appellant appeals.

1. We find no abuse of discretion in the trial court's twice directing counsel for appellant to periodically state during his opening statement "that this is what you expect the evidence to show." "Counsel for both parties in either a civil or a criminal case, preliminary to the introduction of evidence, may state to the jury what each expects to prove on the trial, and should be confined to a summary or recital or such matters of proof only as are admissible under the rules of evidence." *Waits v. Hardy*, 214 Ga. 41, 43 (102 SE2d 590) (1958). We find unpersuasive appellant's argument that the trial court's directive tended "to diminish the jury's perception of appellant's counsel's statement, and [thus it did] not achieve the maximum impact possible on [the] jury." See *High v. State*, 153 Ga. App. 729 (3) (266 SE2d 364) (1980). Moreover, neither counsel's "discomfort" in having to employ this language nor his speculation that the directive may have adversely affected his success in this case provides a showing of prejudice such as to render the trial unfair. See generally *American Employers Ins. Co. v. Johns*, 122 Ga. App. 577 (2) (178 SE2d 207) (1970).

2. Appellant also objects to having been "improperly admonished" by the trial court, upon objection during closing argument, that his argument "has to be based purely on what's in the evidence already, *and not any inferences calculated from it.*" (Emphasis supplied.) The context of the trial court's statement to appellant's counsel during closing argument was as follows: APPELLANT'S COUNSEL: "Now, the thing that also gets to me is that Mr. Drinkwater said he gave 50 feet — he put his signal on 50 feet before he turned, and that he was going one mile an hour when he made his turn. I've done some computations, and you all have got your pencils and papers there, and can figure this out just as well as I can." APPELLEE'S COUNSEL: "Your honor, I'm going to object to this line of argument, it's improper. And furthermore, if we're going to get into engineering, I want counsel to qualify himself." THE COURT: "Well, let me hear exactly what he's going to get into. You can't go — I'm sure he's aware — beyond what the — what's actually in evidence. Something to add to, interject into it, you can't get into that. It has to be based purely on what's in the evidence already, and not any inferences calculated from it." APPELLANT'S COUNSEL: "Thank you, your honor. That's certainly what I hope I will do." Appellant's counsel then proceeded to give the jury the figures he had calculated and to make his arguments based thereon, without any further interruption.

Clearly, counsel in their arguments to the jury may urge such inferences as are warranted by the evidence. *Blue's Truck Line v. Harwell*, 59 Ga. App. 305, 309 (200 SE 500) (1938); see *McGhee v. Minor*, 188 Ga. 635 (2) (4 SE2d 565) (1939). However, any error in the trial court's statement notwithstanding, appellant has shown no injury in

this regard. There is nothing in the record to indicate, nor does appellant assert, that his closing argument was in any manner wrongfully curtailed by the trial court's statement. See generally *Fountain v. State*, 23 Ga. App. 113 (7) (98 SE 178) (1918), rev'd on other grounds, 149 Ga. 519 (101 SE 294) (1919). Under such circumstances, the trial court's comment, erroneous though it may be when examined in isolation, must be considered harmless.

*Judgment affirmed. McMurray, P. J., and Carley, J., concur.*

DECIDED SEPTEMBER 22, 1986.

*Johnnie C. Wages*, for appellant.
*John P. Hines, Michael D. Usry*, for appellee.