### A90A0590. JONES v. THE STATE.
(394 SE2d 387)

McMURRAY, Presiding Judge.

Defendant Jones appeals his conviction of the offenses of driving under the influence of alcohol, causing serious injury by vehicle, and unlawfully operating a motor vehicle without insurance. *Held:*

1. The first enumeration of error raises the issue of whether there is sufficient evidence to authorize the convictions of defendant. On January 22, 1989, defendant was driving on Hamilton Road when the victim, a young girl of five or six years of age, suddenly ran into the street in front of the vehicle operated by defendant. The victim was almost to the centerline of the street when she was struck by the right front of the automobile. As a result of this incident the victim is a quadriplegic. Shortly afterwards, defendant, who had "some trouble" reciting the alphabet, was required to submit to an intoximeter test of the alcohol content of his blood. This test revealed an alcohol concentration of .26 grams and thus authorized a rational trier of fact to reasonably conclude that defendant was guilty beyond a reasonable doubt of driving under the influence of alcohol in violation of OCGA § 40-6-391 (a) (4).

When the victim ran into the street, the vehicle operated by defendant was 20 yards away. There were skid marks left on the street by the vehicle and the impact of the right front of the vehicle on the victim as she approached the centerline of the street was evidence from which it could be inferred that the vehicle had swerved to avoid striking the victim. Defendant testified that he could not have avoided hitting the victim. However, the evidence was sufficient to authorize a rational trier of fact to evaluate the circumstances and conclude beyond a reasonable doubt that an impairment of defendant's driving ability through the violation of OCGA § 40-6-391 (a) (4) caused the victim's injuries. Contrary to defendant's contention, the State was not required to prove that defendant was committing any

traffic violation or unsafe act, in addition to the violation of OCGA § 40-6-391 (a) (4). It is sufficient that the evidence shows that defendant's violation of OCGA § 40-6-391 caused an injury such as described in OCGA § 40-6-394. A rational trier of fact could reasonably have found defendant guilty beyond a reasonable doubt of the offenses of serious injury by vehicle and driving under the influence of alcohol. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Roney v. State*, 192 Ga. App. 760, 761 (1), 762 (386 SE2d 412).

While the defendant was unable to present the proof of insurance required under OCGA § 33-34-12 (a) (1), such does not establish that he was *knowingly operating* a motor vehicle without effective insurance in violation of OCGA § 33-34-12 (b). "Failure to keep proof of insurance coverage and driving a vehicle without liability insurance are separate offenses . . ." *Griffith v. State*, 172 Ga. App. 255, 259 (3) (322 SE2d 921). There is no evidence that defendant knew that the vehicle which he had borrowed from his girl friend was not properly insured. The evidence did not authorize defendant's conviction for unlawfully operating a vehicle without insurance.

2. Pursuant to Rule 31.3 of the Uniform Rules for the Superior Courts, the State served defendant with notice of its intent to introduce evidence of two similar transactions. Both similar transactions involved previous offenses of driving under the influence committed by defendant. At the hearing upon the State's request for leave to introduce this evidence, defendant presented his objections to its admission but did not raise any issue concerning whether the similar transactions the State sought to introduce were sufficiently similar so that proof of them tends to prove the offenses charged. Therefore, we may not consider defendant's belated attempt to raise that issue for the first time on appeal. *Whittington v. State*, 184 Ga. App. 282, 285 (3) (361 SE2d 211).

Finally, defendant contends that admission of the similar transaction evidence in this case was improper since, as to one offense there was an uncounseled guilty plea, and as to the other, only a bond forfeiture rather than a verdict or plea of guilty. However, as proof of a conviction is not a necessary prerequisite to the introduction of similar transaction evidence (*Coalter v. State*, 183 Ga. App. 335, 337 (358 SE2d 894)), we find no merit in this contention.

*Judgment affirmed in part and reversed in part. Carley, C. J., and Sognier, J., concur.*

DECIDED MAY 9, 1990.

*William J. Mason*, for appellant.
*Douglas C. Pullen, District Attorney, Lew S. Barrow, Assistant*

*District Attorney,* for appellee.