A93A0291. MOSS v. THE STATE.
(432 SE2d 825)

SMITH, Judge.

Earl Moss was tried before a jury on a variety of counts arising out of a collision he caused by driving while under the influence of alcohol. Two counts of DUI were merged with two convictions of causing serious injury by motor vehicle. In addition, Moss was sentenced on convictions for driving while his license had been revoked, no proof of insurance, failure to use his seatbelt, and failure to yield the right-of-way at a stop sign. He appeals from the judgments of conviction and sentences entered by the trial court on the jury's verdicts of guilt.

1. Moss enumerates as error the denial of his motion for a di-

rected verdict of acquittal as to the two counts of causing serious injury by vehicle, in violation of OCGA § 40-6-394.

The denial of a motion for directed verdict of acquittal is erroneous only where "there is no conflict in the evidence and the evidence introduced with all reasonable deductions and inferences therefrom shall demand a verdict of acquittal or 'not guilty.' . . ." OCGA § 17-9-1 (a). "On appeal of the overruling of a motion for directed verdict of acquittal, the appellate court can consider all of the evidence in the case and this is true whether the denial of such motion occurs at the close of the [S]tate's case or at the conclusion of all evidence. [Cit.] While the jury can and must weigh and analyze the evidence, an appellate court is restricted to determining whether or not there is sufficient evidence to support the verdict of guilty. [Cits.]" *Causey v. State*, 154 Ga. App. 76, 77-78 (1) (267 SE2d 475) (1980).

OCGA § 40-6-394 provides that whoever, "without malice, shall cause bodily harm to another by depriving him of a member of his body, by rendering a member of his body useless, by seriously disfiguring his body or a member thereof, or by causing organic brain damage which renders the body or any member thereof useless through the violation of Code Section 40-6-390 [reckless driving] or 40-6-391 [DUI] shall be guilty of the crime of serious injury by vehicle." Construed to uphold the verdict, the direct evidence showed that, at 8:00 p.m. on a late November evening, Moss was operating his motor vehicle while his blood-alcohol content was .16 grams percent. Although it was dark, he was not using his headlights. Moss ran a stop sign and entered a controlled intersection where the victims had the right-of-way, crossing directly in front of them. Both victims in the ensuing collision testified to receiving broken ribs and severe bruises, and they described the continuing pain resulting from their injuries.

To warrant a conviction under OCGA § 40-6-394, "the State was not required to prove that [appellant] was committing any traffic violation or unsafe act, *in addition* to the violation of [either OCGA § 40-6-391 (a) (1) or] OCGA § 40-6-391 (a) (4)." (Emphasis supplied.) *Jones v. State*, 195 Ga. App. 569, 570 (1) (394 SE2d 387) (1990). Whether the injuries sustained by the victims were caused through appellant's violation of any subsection of OCGA § 40-6-391 (a) was a question of fact for the jury. This fact, like any other fact, may be established by circumstantial evidence. See, e.g., *Langham v. State*, 196 Ga. App. 71, 72 (2) (395 SE2d 345) (1990).

From the evidence presented, a rational trier of fact could reasonably have found proof beyond a reasonable doubt of appellant's guilt of causing serious injury by operating a motor vehicle while under the influence of alcohol. The trial court correctly denied appellant's motion for directed verdicts of acquittal as to the two counts of causing serious injury by motor vehicle.

2. A forensic chemist from the state crime lab testified on behalf of the prosecution. During the examination of his credentials, this expert witness stated he was familiar with "motor vehicles, [and the] probability of being involved in an accident at a given blood alcohol level," based upon his knowledge of the literature and empirical studies. Over the objection that this witness was qualified solely as a forensic chemist, it was not error to permit him to testify as to the increased likelihood of a motor vehicle accident corresponding with the driver's increased blood-alcohol level. Moreover, the "fact that this expert's opinion may have been based in part on hearsay, goes to [its] weight and credibility, not to its admissibility. [Cits.]" *Redfield v. State*, 240 Ga. 460, 461 (1) (241 SE2d 217) (1978). See also *Rogers v. State*, 202 Ga. App. 595, 597 (2) (415 SE2d 49) (1992).

3. The denial of appellant's motion for directed verdict of acquittal as to the charge of failure to yield is enumerated as error.

Contrary to appellant's contentions, there is direct evidence that he failed to stop at a stop sign. This is sufficient evidence of a violation of OCGA § 40-6-72 (b). Moreover, having once stopped at a stop sign, a driver must "yield the right of way to any vehicle in the intersection or approaching on another roadway so closely as to constitute an immediate hazard." OCGA § 40-6-72 (b). Even assuming that he did stop at the stop sign to let several cars go by, Moss clearly failed to yield to the victims when they were approaching the intersection on another roadway. This enumeration is without merit.

*Judgments affirmed. Johnson and Blackburn, JJ., concur.*

DECIDED JUNE 15, 1993.

*Lipscomb, Johnson, Ashway & Sleister, Charles G. Haldi, Jr.,* for appellant.

*Garry T. Moss, District Attorney, A. Rebekah Teal, Assistant District Attorney,* for appellee.