## A94A0477. STEVENS v. THE STATE.
(444 SE2d 840)

COOPER, Judge.

Terrence Stevens was convicted of theft by taking and appeals from the judgment of conviction and sentence.

The evidence shows that two undercover GBI agents and a confidential informant went to the High Hat Bar in Midway, Georgia, to make a drug buy. After briefly speaking with Stevens, the informant indicated that they should come back to the club in 15 minutes, during which time Stevens was going to get in touch with his supplier. When the informant and the agents returned, Stevens got into their car and directed them to the place where crack cocaine could be purchased. When they reached the house identified by Stevens, Stevens and one of the agents got out of the car and began walking toward the house. The agent gave Stevens $600 with which Stevens was to purchase one-half ounce of cocaine, and the agent returned to the car. When Stevens reached the house, the agents lost sight of him as he rounded the corner of the house. The agents waited for 20 minutes, but Stevens never returned. They searched the area but did not find Stevens. Several months later, in a round-up of all of the individuals from whom drugs were bought in the area, Stevens was taken into custody and identified by the two agents as the same individual who, months earlier, had taken $600 from them to buy crack cocaine but instead fled with the money. In a written statement, Stevens admitted receiving the money from an agent to buy drugs, keeping the money and fleeing.

1. Stevens enumerates as error the denial of his motion for directed verdict made at the close of the State's case. Stevens contends that the officers freely and voluntarily gave him the money as part of an illegal contract for the sale of drugs; that the officers, as parties to the illegality, had no right to demand a return of the money or per-

formance of the illegal contract; and that he was legally in possession of the money. Thus, the State has proven no crime as charged in the indictment.

Stevens is incorrect in characterizing this case as an action to enforce a contract. OCGA § 16-8-2 provides that "[a] person commits the offense of theft by taking when he unlawfully takes or, *being in lawful possession thereof, unlawfully appropriates any property of another with the intention of depriving him of the property*, regardless of the manner in which the property is taken or appropriated." (Emphasis supplied.) Stevens was charged with being in lawful possession of $600 in U. S. currency which he unlawfully appropriated with the intention of depriving the owner. Thus, there was undisputed evidence supporting the material allegations in the indictment, and the evidence was sufficient to enable a rational trier of fact to find Stevens guilty of theft by taking beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Accordingly, the trial court did not err in denying Stevens' motion for directed verdict. See generally *Moss v. State*, 209 Ga. App. 59 (1) (432 SE2d 825) (1993).

2. In his second enumeration of error, Stevens contends the trial court abused its authority by limiting his cross-examination and interjecting itself during the course of the trial. Stevens argues that the court's inference prevented him from putting his defense before the jury. The trial court excluded the testimony of one of the agents regarding his experience as a middle man in a drug deal on the grounds of relevancy. The trial court also refused to permit counsel to elicit from the agent his opinion as to whether or not his arrangement with Stevens was legal and whether or not Stevens' failure to return the money was criminal without the agent being qualified as an expert in the field of law. "Defendant 'had the right to a thorough and sifting cross-examination of any witness called against him. OCGA § 24-9-64. . . . However, the extent of cross-examination can be curtailed if the inquiry is not relevant or material, and such restriction lies within the discretion of the trial court which will not be disturbed on appeal unless manifestly abused. [Cits.]' [Cit.] Under the circumstances of the case sub judice, we find no manifest abuse of discretion in the trial court's limitation of defense counsel's cross-examination of the State's [witnesses]." *Fletcher v. State*, 197 Ga. App. 112, 113 (1) (397 SE2d 605) (1990).

Stevens also argues that the trial court restricted his opening statement. The record reveals that during defense counsel's opening statement, he discussed the State's burden to prove each element of the accusation, and the trial court cautioned counsel that his statement was restricted to what he expected the evidence to be and could not include legal argument. " 'Counsel for both parties in either a civil

or a criminal case, preliminary to the introduction of evidence, may state to the jury what each expects to prove on the trial, and should be confined to a summary or recital or such matters of proof only as are admissible under the rules of evidence.' [Cit.]" *Williams v. United Parcel Svc.*, 180 Ga. App. 387, 388 (1) (349 SE2d 264) (1986); *Cargill v. State*, 255 Ga. 616 (21a) (340 SE2d 891) (1986). "The trial judge is presumed to know the law and to be capable of separating admissible grains of evidence from inadmissible chaff. [Cit.] The record contains nothing to rebut this presumption. We will not presume the trial court committed error where that fact does not affirmatively appear in the record. [Cit.]" *Rowe v. Rowe*, 195 Ga. App. 493, 494 (2) (393 SE2d 750) (1990).

3. Stevens also contends the trial court erred in admitting his arrest record which was made in October 1992 when the incident occurred in June 1992. At trial, Stevens objected on the grounds of relevancy and bootstrapping. "Admission of evidence rests in the trial court's sound discretion; and evidence should be admitted if it is admissible for any legitimate purpose. Further, we will not reverse the correct ruling of a trial court regardless of the reason therefor." (Citations omitted.) *Krebsbach v. State*, 209 Ga. App. 474 (1) (433 SE2d 649) (1993). The State argues that the evidence was used to corroborate the agents' testimony on the identification of Stevens at his arrest and custody booking and that all the circumstances connected with the arrest are proper evidence to be submitted to the jury. See *Burnett v. State*, 234 Ga. 741, 744 (218 SE2d 4) (1975). We agree and find no error in the admission of this evidence.

*Judgment affirmed. Birdsong, P. J., and Blackburn, J., concur.*

DECIDED MAY 25, 1994.

*John E. Pirkle*, for appellant.
*Dupont K. Cheney, District Attorney, Charles D. Howard, Assistant District Attorney*, for appellee.