## A94A2477. BANKS v. THE STATE.
(454 SE2d 784)

BIRDSONG, Presiding Judge.

Claxton Banks appeals his conviction of aggravated assault with intent to commit robbery. He contends the evidence is insufficient to sustain his conviction, and he also contends the trial court erred by allowing the State to use evidence of an alleged telephone conversation between him and a witness, erred by admitting identification testimony, and erred by admitting evidence of a similar transaction.

The evidence shows the victim, an 83-year-old man, was on his front porch when a young man that he knew, Darrell Ferrell, asked if he could use the telephone. Because Ferrell's grandfather lived a few houses away, the victim was suspicious of this request and followed Ferrell into the house and kept a "close eye" on him. Ferrell then procured a kitchen knife and held it to the victim's throat while he demanded the victim's money. Another man, alleged to be Banks, then hit or kicked the victim in the face. When the victim yelled for his roommate, the two men fled.

When the police arrived, the victim immediately told them that Ferrell was one of the men who attempted to rob him, and, according to the police, described the other person as a black male, 5 foot 3 inches to 5 foot 5 inches tall, slim build, brown eyes, dark complexion, wearing black pants and no shirt. No mention was made of any facial hair. At a hearing on Banks' motion to exclude the identification, however, the victim denied giving any description to the police.

Ferrell called his mother, Ms. Smith, and told her that the police were looking for him. From then on Ferrell's mother orchestrated Ferrell's surrender to the police and Banks' apprehension. The police picked up Ms. Smith at her father's residence and took her to the location where Ferrell told her that he would be waiting with his accomplice. When the police arrived, Ferrell was apprehended and in the process pointed out Banks as his accomplice. Banks was taken into custody, handcuffed, and placed in the rear of the police car with Ferrell. Although it was almost four hours after the incident, they were then taken to the victim's house to see if he could identify them. According to the victim, the police came to his house and asked him to see if he could identify the perpetrator who was with Ferrell. When

the victim arrived on the street, Banks was sitting in the rear seat closest to the curb and Ferrell was sitting next to him. The victim identified Banks as the person who assaulted him. Banks was taken to the police station and booked for the robbery.

Banks was tried by jury and convicted of aggravated assault with intent to commit robbery. He now appeals. *Held*:

1. Contrary to Banks' contention, we find that the evidence was sufficient to sustain his conviction within the meaning of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

2. Banks alleges that the trial court erred by allowing the State to introduce evidence of another transaction which Banks alleges was not similar to the current offense. The similar transaction was a robbery in which the victim, a 57-year-old woman, was kidnapped from a parking lot in downtown Atlanta, her purse was stolen, and she was forced into the trunk of her car and driven around town for several hours until the police apprehended Banks and his accomplice. Banks was tried and convicted for kidnapping and robbery and sentenced to prison. At the trial of the present offense, the victim of the earlier robbery and the police officer who apprehended Banks testified to the facts of that robbery. Additionally, a police technician testified that the fingerprints of the person named Banks who was convicted of the first robbery and of the person named Banks on trial for this offense were the same person.

To insure an accused of a fair trial the general character of an accused is inadmissible unless the accused puts his character in issue. Therefore, proof of a distinct, independent, and separate offense is never admissible unless there is some logical connection between the separate offense and the offense for which the accused is on trial so that proof of the separate offense establishes the offense for which the accused is on trial. *Williams v. State*, 261 Ga. 640, 641 (409 SE2d 649). Therefore, before evidence of independent offenses or acts may be admitted into evidence, the trial court must hold a hearing pursuant to Uniform Superior Court Rule 31.3 (B) at which the State must show affirmatively as to each independent offense or act it seeks to introduce: (1) that the evidence of the independent offense or act is not intended to raise an improper inference about the accused's character, but will be introduced for a purpose which is an exception to the general rule against inadmissibility, e.g., a system of mutually dependent crimes, or to show guilty knowledge, or identity, or articles connected with the offense, or prior attempts by the accused to commit the same crime upon the same victim, or to prove malice, intent, motive, or state of mind, if such is an element of the offense now charged; (2) that there is sufficient evidence to prove the accused committed the independent offense or act; (3) that there is a sufficient connection or similarity between the independent offense or act

that proof of the former tends to prove the latter. After the hearing, the trial court must find specifically on the record that the State has made a satisfactory showing of each of these elements as to each independent offense or act. Id. at 642. The State must show facts establishing both that the accused committed the independent offense or act and that the connection or similarity between the independent offense or act and the offense now charged is sufficient such that proof of the former tends to prove the latter. *Stephens v. State*, 261 Ga. 467, 468-469 (405 SE2d 483).

In this case, the required hearing was held, the prosecutor made the necessary representations as to the proof of similarity and identity, and asserted that the proof of the earlier crime was to be introduced to prove Banks' motive and intent. After the hearing, the trial court made the necessary findings and determined that evidence of the prior robbery was admissible under *Williams v. State*, supra, and *Stephens v. State*, supra.

We cannot agree with this determination. The facts testified to at trial show that other than the fact that the earlier offense was a robbery with two perpetrators, there are no significant similarities between the two offenses. In the first robbery, the victim was kidnapped and robbed in a downtown parking lot at night by two men, one of whom was armed with a pistol, forced into her car trunk and driven around for hours. In the present case, the victim was assaulted in his own home in the early evening by two men, one of whom was armed with a knife.

Although the prosecutor urged, and the trial court found, that the prior crime was introduced to prove motive and intent, it is clear that proof of the first offense did not prove the second. *Stephens v. State*, supra. Moreover, while theoretically motive may always be relevant in a criminal prosecution, neither motive nor intent was an issue in this case. Banks' defense was that he did not commit this crime, and not that he committed the acts but lacked the requisite criminal intent or motive. We must note that if it were permissible to admit the prior robbery in the trial of this case, then any earlier robbery would be admissible in any robbery trial since the motive, to acquire victims' property, and the intent, to take the property from the victims with the intent to commit theft, would exist in every case. Accordingly, it was error to admit the evidence of the prior transaction, and since it cannot be said that the error was harmless, the conviction must be reversed. *Robinson v. State*, 192 Ga. App. 32, 34-35 (383 SE2d 593).

3. Banks also contends the trial court erred by admitting evidence testimony concerning the victim's identification of him because the procedures used in the identification were inherently suggestive. "Although the practice of showing suspects singly to a witness for

identification purposes has been widely condemned, *Daniel v. State*, 150 Ga. App. 798 (1) (258 SE2d 604) (1979), 'our appellate courts have consistently upheld the admission of in-court identifications when prior one-on-one showups are reasonably and fairly conducted at or near the time of the offense. (Cits.)' *Arnold v. State*, 155 Ga. App. 782 (1) (272 SE2d 751) (1980)." *Baines v. State*, 201 Ga. App. 354, 357 (411 SE2d 95). Nevertheless, our court has recognized the inherent suggestibility of one-on-one showups. *Jefferson v. State*, 206 Ga. App. 544, 546 (425 SE2d 915). In this instance, the identification was not made at or near the time of the offense. In fact, the victim identified Banks some four hours after the offense, and in circumstances which themselves were suggestive: Banks was identified while seated in the rear of a police car with Ferrell, a person the victim had known for twenty years, and a police officer shone his flashlight in their faces. Further, the victim testified that he made the identification after the police officer asked him to come out and identify both perpetrators.

Additionally, the victim's testimony shows that his testimony was highly suspect. At the hearing on the motion to exclude the identification, the victim again identified Banks, but did so by stating, "that's him right there. . . . He's sitting on the right of that lady there." Further, when the victim identified Banks during his testimony before the jury, he also identified Banks as "on the right of that lady there." When the victim was asked to describe what Banks was wearing in court, however, he could not do so because he could not see too well. The victim also testified that he was kind of deaf, that he did not pay too much attention to Banks' clothing, and that he was keeping his eye on Ferrell during the robbery, and was focusing on Ferrell and watching Ferrell. Additionally, he denied that he had given a description of Ferrell's accomplice to the police before the showup and steadfastly testified that the showup identification was made during daylight hours. Further, the description the victim gave to the police after the offense, but before the showup, differed in important respects from Banks' appearance at the showup. Although the victim did not mention that the person with Ferrell had facial hair, Banks had a full beard. Also, the victim said the man was dressed in black pants and with no shirt, but Banks was wearing a black tee shirt and pinstriped shorts when he was apprehended, and there is no allegation he changed clothes. The victim attempted to explain any discrepancy about the facial hair and the shirt by stating that he did not pay too much attention to the face or the clothing of the person with Ferrell.

Given the testimony just discussed and applying the two-part test to determine whether the identification should be excluded (*State v. Frye*, 205 Ga. App. 508, 509 (422 SE2d 915)), we must con-

clude that the identification procedure used in this case was so imper-
missibly suggestive as to give rise to a very substantial likelihood of
irreparable misidentification. The considerations outlined in *Neil v.
Biggers*, 409 U. S. 188 (93 SC 375, 34 LE2d 401), to be used in evalu-
ating the likelihood of misidentification, include: (a) the opportunity
of the witness to view the criminal at the time of the crime, (b) the
witness' degree of attention, (c) the accuracy of the witness' prior
description of the criminal, (d) the level of certainty demonstrated by
the witness at the confrontation, and (e) the length of time between
the time and the confrontation. *McCoy v. State*, 190 Ga. App. 258,
260 (378 SE2d 888). Thus, considering the victim's testimony in this
case with these factors, we must conclude that under the totality of
the circumstances the procedures used were so impermissibly sugges-
tive as to cause a very substantial likelihood of irreparable misiden-
tification, and, that under all the circumstances we cannot find that
the witness' in-court identification had an "independent origin." See
*Jones v. State*, 258 Ga. 25, 27 (365 SE2d 263); *McCoy v. State*, supra.
Therefore, the trial court also erred by allowing testimony concerning
the victim's identification of Banks. *State v. Frye*, supra.

4. In view of our disposition above, we need not address Banks'
remaining enumeration of error.

*Judgment reversed. Blackburn and Ruffin, JJ., concur.*

DECIDED JANUARY 24, 1995 —
RECONSIDERATION DENIED FEBRUARY 16, 1995.

*Megan C. De Vorsey,* for appellant.
*Lewis R. Slaton, District Attorney, Charles W. Smegal, Vivian
D. Hoard, Assistant District Attorneys,* for appellee.