A97A1907. BLACKWELL v. THE STATE.
(494 SE2d 269)

Judge Harold R. Banke.

Leroy Blackwell was convicted of child molestation and aggravated child molestation. He enumerates three errors on appeal.

This case arose after Blackwell moved into an efficiency apartment in a residence which also housed a child care facility. *Price v. State*, 222 Ga. App. 655, 657 (2) (475 SE2d 692) (1996) (evidence on appeal must be viewed in a light most favorable to the verdict). The

four-year-old victim stayed at the child care facility. After Blackwell moved in, he befriended the victim.

Not long thereafter, the victim began acting differently. He was afraid to go to the bathroom alone and wanted others to turn on the lights for him. Soon thereafter, when Blackwell stopped at the victim's home, instead of being excited to see his friend, the victim hid behind his mother's legs and ignored Blackwell's request to shake his hand. Later, the victim tearfully told his mother, "Leroy ain't my buddy no more. . . . Leroy hurt me." The victim explained that Blackwell placed his finger in the victim's rectum and "humped" him while they were in Blackwell's bedroom. The victim also told his mother that Blackwell "peed" in his mouth and the pee was white.

At trial, the State introduced evidence that Blackwell had been sentenced as a first offender for lewd and lascivious assault on a minor in a Florida court. The arresting officer testified that Blackwell admitted to simulating intercourse by moving on top of his reclining five-year-old nephew. This similar transaction evidence was offered to show bent of mind and intent. *Held*:

1. Before admitting the similar transaction evidence, the trial court fully satisfied the requisites of *Williams v. State*, 261 Ga. 640, 642 (2) (b) (409 SE2d 649) (1991). Thus, the admission of the similar transaction evidence was not error.

We reject Blackwell's contention that the evidence was irrelevant because his intent was not at issue in that he denied committing the crime. In the area of sexual offenses, the rules regarding the admissibility of similar transactions are most liberally construed. *Wells v. State*, 208 Ga. App. 298, 300 (2) (b) (430 SE2d 611) (1993). One of the elements of child molestation the State had to establish was that the act was committed "with the intent to arouse or satisfy the sexual desires of either the child or the person." OCGA § 16-6-4 (a). The similar transaction bore a sufficient connection to that element of the offenses being tried, so that proof of the former tended to prove the latter. *Williams*, 261 Ga. at 642 (2) (b).

*Banks v. State*, 216 Ga. App. 326, 328 (2) (454 SE2d 784) (1995) does not mandate a contrary result. *Banks* turned on the fact that the similar transaction was not sufficiently similar to the crime charged. Id. Such is not the case here. We likewise reject Blackwell's contention that the admission of the similar transaction evidence was contingent on proof that his guilty plea was counseled. *Jones v. State*, 195 Ga. App. 569, 570 (2) (394 SE2d 387) (1990). Proof of a conviction is unnecessary. Id.

2. Blackwell challenges the trial court's decision to prohibit him from cross-examining the victim's mother about her prior denial of any knowledge that the victim was previously sodomized by his seven or eight-year-old brother.

There are few exceptions to the long-standing rule barring introduction of evidence of prior unrelated molestation. *Chastain v. State*, 180 Ga. App. 312, 313 (349 SE2d 6) (1986); see *Proper v. State*, 208 Ga. App. 471 (1) (431 SE2d 133) (1993). In *Hall v. State*, 196 Ga. App. 523, 524-525 (2) (396 SE2d 271) (1990), we held that evidence of prior molestation by another perpetrator was admissible to show other possible causes for the victim's injuries and symptoms of child molestation accommodation syndrome such as bedwetting, nightmares, and hostility to adults. We subsequently reversed a child molestation case due to the exclusion of evidence that the victims, who had physical manifestations of past sexual abuse, had been previously molested by other perpetrators. *Lemacks v. State*, 207 Ga. App. 160, 161 (427 SE2d 536) (1993).

*Hall* and *Lemacks*, however, are distinguishable. Here, the victim exhibited no physical or psychological injuries which would warrant the admission of proof that they were caused by someone other than Blackwell. Furthermore, evidence of unrelated molestation is not admissible simply to show the victim was confused. *Proper*, 208 Ga. App. at 471-472 (1). Under these circumstances, we cannot say the trial court abused its discretion in excluding the evidence. *Griffeth v. State*, 224 Ga. App. 462, 465-466 (4) (480 SE2d 889) (1997).

Blackwell also contends that he was entitled to impeach the mother's denial that she knew the victim had previously been molested by his older brother. The record shows that notwithstanding the court's exclusion of evidence of this purported act and the State's strict compliance with this ruling on direct, Blackwell implicitly raised the issue in his cross-examination of the victim's mother.[1] Blackwell edged into forbidden ground by following his suggestion that the victim absorbed the sexually precocious knowledge from others with an inquiry about whether the mother was saying that the victim had never before been exposed to anything of this nature. Although every party has a right to a thorough and sifting cross-examination, here Blackwell's questioning exceeded its authorized scope by skirting the trial court's decision. See *State v. Battaglia*, 221 Ga. App. 283, 284 (1) (470 SE2d 755) (1996). The right to impeach does not extend to the circumstances of this case, where excluded evidence was artfully elicited on cross-examination.

3. The evidence, viewed in the light most favorable to the verdict,

---

[1] During cross-examination, Blackwell asked if the victim's statements to his mother were inconsistent, which she denied. Blackwell then asked if the mother suggested a statement to the victim. In denying this, the mother stated, "[n]obody suggested it to him. My son don't even know such stuff — I don't have no such stuff on TV in front of my children." Blackwell then asked, "[a]re you saying that your child has never been exposed to anything of this nature in the past?" As Blackwell immediately began questioning the mother about her older son's sexual history, the State successfully objected to this line of questioning.

was sufficient to permit the jury to find each element of the crimes. *Jackson v. Virginia*, 443 U. S. 307, 319-320 (99 SC 2781, 61 LE2d 560) (1979). Testimony that the four-year-old victim told his mother that Blackwell "peed" in his mouth and the pee was white was sufficient to establish the elements of aggravated child molestation. OCGA § 16-6-4 (c); see OCGA § 24-3-16 (child hearsay statute); *Letlow v. State*, 222 Ga. App. 339, 343 (3) (474 SE2d 211) (1996). Testimony that the victim told his mother that Blackwell placed his finger in the victim's rectum established the essential elements of child molestation. OCGA § 16-6-4 (a). Blackwell in effect seeks a reweighing of the evidence and a reassessment of the witnesses' credibility. This we cannot do. *Pardo v. State*, 215 Ga. App. 317 (1) (450 SE2d 440) (1994).

*Judgment affirmed. Johnson and Blackburn, JJ., concur.*

DECIDED NOVEMBER 18, 1997.

*Sam B. Sibley, Jr.*, for appellant.

*Daniel J. Craig, District Attorney, Charles R. Sheppard, Assistant District Attorney*, for appellee.