## A00A1653. SALAZAR v. THE STATE.
(539 SE2d 231)

SMITH, Presiding Judge.

Juan Salazar was charged by indictment with statutory rape and child molestation, and a jury found him guilty as charged. For sentencing purposes, however, the child molestation conviction was merged with the statutory rape conviction. Salazar's motion for new trial was denied, and he appeals, raising insufficiency of the evidence to support a conviction for statutory rape and the trial court's denial of his motion to suppress a pretrial identification. Finding no error, we affirm.

The evidence presented at trial showed that while her mother was at work, the nine- or ten-year-old victim was home alone on a Sunday afternoon in their apartment. It was hot, and she opened the back door slightly. A man entered through that door, carried her to a chair and laid her down, placing his hand over her mouth and cautioning her to be quiet. He took off his clothes, then hers, and raped her. She got a good look at him because they were face to face. She did not scream or call the police because she was afraid. Her mother had instructed her not to stay home alone, and the victim was afraid her mother would be angry.

After her mother came home, the victim telephoned her sister, who lived with her aunt and uncle, and told her what had happened. The victim's sister told her aunt, and the aunt told the victim's mother. The victim did not know her attacker's name, but she recognized him as a resident in the apartment complex. They called the police, and the victim described her attacker as a short, older Hispanic man with grey and black hair wearing a blue shirt with lettering. After the mother called the police, she and the victim went out to see if they could find the man. They encountered a group of about ten men standing outside, drinking and talking, and the victim recognized her attacker. When the police officers arrived, the victim and her mother indicated that he was in a certain apartment. The officers entered the apartment and picked up a person who, as one of the officers testified, fit the description given "to a 'T'." They obtained a positive identification from the victim before leaving the scene. The arresting officer testified that the victim was probably standing less than 20 feet away when she identified Salazar as her attacker and that she identified him "very clearly."

1. Salazar contends that this showup identification was impermissibly suggestive and that the trial court erred in denying his motion to suppress the identification. We do not agree.

A two-part test is used to determine the admissibility of pre-trial identifications. First it must be determined whether the procedure used was, in fact, impermissibly suggestive. If it was, the court must

consider the totality of the circumstances to determine whether a very substantial likelihood existed of irreparable misidentification. *Odim v. State*, 228 Ga. App. 158, 159 (2) (491 SE2d 218) (1997); *Ferguson v. State*, 221 Ga. App. 415, 418 (471 SE2d 528) (1996). A one-on-one showup is inherently suggestive. See id. But both state and federal courts have recognized countervailing considerations that can render one-on-one confrontations permissible, and even helpful. For instance, speedy investigation and prompt identification enhance accuracy and reliability, which expedite the release of innocent subjects. *Baynes v. State*, 218 Ga. App. 687, 688 (463 SE2d 144) (1995).

In this case, the showup was an on-the-scene confrontation conducted as soon as possible after the suspect's apprehension. Given the practicalities inherent in such a situation, an immediate on-scene confrontation is helpful both to law enforcement agencies and to suspects who may be innocent. *Pierce v. State*, 191 Ga. App. 225 (1) (381 SE2d 532) (1989).

Contrary to Salazar's contention, the fact that he was in a police car when he was identified by the victim does not render the identification inadmissible. *Jenkins v. State*, 216 Ga. App. 433 (3) (454 SE2d 543) (1995). See also *Mattison v. State*, 215 Ga. App. 635, 636 (2) (451 SE2d 807) (1994) (showup while suspect in back of patrol car upheld). This factor and the minor discrepancies in the victim's description were simply subjects for cross-examination. *Semple v. State*, 271 Ga. 416, 419 (519 SE2d 912) (1999).

> This court has thoroughly considered the dangers inherent in the practice of bringing single suspects to confront witnesses for the purposes of pre-trial identification, in particular, the danger of the substantial likelihood of irreparable misidentification. To evaluate that likelihood, we apply the test enunciated in *Neil v. Biggers*, 409 U. S. 188 (93 SC 375, 34 LE2d 401) [(1972)], which requires that we consider the witnesses' opportunity to view the suspect at the time of the offense, the witnesses' degree of attention, the accuracy of the witnesses' prior description and their level of certainty.

(Citations and punctuation omitted.) *Baynes*, supra. Applying these factors here, we find that the victim had an excellent opportunity to view the suspect during the crime, as it was committed face to face, and her attention was focused on him. According to police officers, her description before the showup both of the suspect and his clothing was extremely accurate, and the victim was absolutely certain of her identification. Further, the showup here took place after the vic-

tim and her mother had found Salazar and pointed him out to the police.

Salazar cites *Banks v. State*, 216 Ga. App. 326 (454 SE2d 784) (1995), in support of his argument that because the showup took place several hours after the incident, it should not have been admitted. While it is true that in *Banks* the showup took place "some four hours after the offense," *Banks* is distinguished factually from this case because the victim's identification in that case did not meet the requirements of the test in *Neil v. Biggers*, supra: The elderly victim could not see too well; the victim admitted he was not paying attention to this suspect during the crime but was focusing his attention on an accomplice; and he was mistaken about the time of day at which the showup took place. In addition, the victim's description differed "in important respects" from the suspect's appearance at the showup. *Banks*, supra at 329.

Under the totality of the circumstances presented in this case, the trial court did not err in denying Salazar's motion to suppress the identification. *Baynes*, supra.

2. Salazar also maintains that the trial court erred in denying his motion for a directed verdict of acquittal and his motion for new trial. He argues both that the victim's testimony presented insufficient evidence of penetration to support a conviction for statutory rape and that her testimony was not corroborated. We do not agree with either argument.

First, the victim testified that Salazar "raped me." She further explicated this allegation by stating that "[h]e put his manhood inside . . . my vagina." This is sufficient to indicate penetration.

OCGA § 16-6-3 provides that one commits statutory rape "when he or she engages in sexual intercourse with any person under the age of 16 years and not his or her spouse, provided that no conviction shall be had for this offense on the unsupported testimony of the victim." This court has held, however, that

> the quantum of corroboration needed is not that which is in itself sufficient to convict the accused, but only that amount of independent evidence which tends to prove that the incident occurred as alleged. Slight circumstances may be sufficient corroboration and ultimately the question of corroboration is one for the jury.

(Citations and punctuation omitted.) *Collins v. State*, 229 Ga. App. 658, 660 (1) (b) (495 SE2d 59) (1997).

The victim's prior consistent statements, in the form of her outcry to others as testified to by them, may constitute sufficient corroboration in a case of statutory rape. *Turner v. State*, 223 Ga. App. 448,

450 (477 SE2d 847) (1996). Here, the victim's mother, sister, and aunt testified to her outcry, stating that the victim told them Salazar raped her. This was sufficient corroboration of her testimony. Id. The evidence was sufficient to authorize Salazar's conviction.

*Judgment affirmed. Johnson, C. J., and Phipps, J., concur.*

DECIDED SEPTEMBER 13, 2000.

*James W. Gibert*, for appellant.
*Paul L. Howard, Jr., District Attorney, Christopher M. Quinn, Assistant District Attorney*, for appellee.