A01A1455. FLANIGAN v. THE STATE.
(552 SE2d 894)

ELLINGTON, Judge.

A Gwinnett County jury convicted Anthony Kevin Flanigan of criminal trespass, OCGA § 16-7-21 (b) (1), and aggravated battery, OCGA § 16-5-24 (a). He appeals from the denial of his motion for new trial, contending the trial court erred in admitting certain expert testimony and allowing improper closing argument by the prosecutor.

Viewed in the light most favorable to the verdict,[1] the evidence shows that during the early morning hours of May 25, 1998, Flanigan hit John Bentley in the face with a baseball bat, shattering his jaw. The attack was the culmination of an evening of gang violence during which a gang called the "Playboys" sought retribution against Bentley's teenaged sons, Justin and Chris, for derogatory remarks they allegedly made against a female gang member. While Bentley was out walking his dog, he heard a commotion around the corner from his home. He went to investigate and saw the gang members who had harassed him and his sons the day before. Bentley tried to warn his sons that the gang had returned. However, when Bentley got back to his house, two of the gang members, armed with baseball bats, confronted him in his driveway. Bentley was able to see both men in the light cast by his security lighting. Flanigan hit Bentley in the face with the bat, shattering his jaw. As Bentley struggled to get inside his home, he heard Flanigan say: "I want another piece of you."

Bentley picked Flanigan's picture from a photographic lineup. He also identified him in court.

---

[3] *Marshall v. State*, 233 Ga. App. 573, 576-577 (2) (a) (504 SE2d 764) (1998).
[1] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

The assault left Bentley's upper jaw broken and misaligned and his cheekbone crushed. An oral surgeon with 20 years of maxillofacial surgical expertise treated Bentley. The surgeon testified that Bentley required extensive reconstructive surgery, including the use of steel plates to rebuild his jaw. The surgeon also testified that Bentley's injuries were consistent with being hit with a blunt object, not a human fist.

Flanigan presented several alibi witnesses, one of whom was his long-time friend Eric Garmon. Garmon testified that he was the one who hit Bentley and that he hit him with his fist. The State argued that Garmon's testimony was a complete fabrication since Garmon came forward with this story over a year after the assault and was unable to prove any injury to his fist. Flanigan's grandparents, the Thompsons, testified that Flanigan went to Six Flags on the day of the assault, spent the night at their house, then spent the next day working on his girlfriend's car. However, the State, in closing argument, attacked the Thompsons' alibi testimony by showing that it was inconsistent with respect to date and time, with that given by other witnesses, and with inferences drawn from receipts and ticket stubs that had been admitted into evidence.

1. Flanigan argues the trial court erred in allowing Bentley's oral surgeon to testify that the damage done to Bentley's jaw was inconsistent with a punch from a fist because the surgeon was not qualified as an expert in forensic science. The transcript reveals, however, that the State laid a foundation sufficient to show the surgeon had practical experience treating a wide range of facial injuries, including those caused by trauma from blunt objects and from fists. "An expert is one whose habits and profession endow him or her with a [particular] skill in forming an opinion on the subject matter in inquiry." (Punctuation omitted.) *Sales v. State*, 199 Ga. App. 791 (1) (406 SE2d 131) (1991). This Court has recognized that a combination of training and experience may be sufficient to qualify one as an expert witness. *Smith v. State*, 210 Ga. App. 451, 452 (3) (436 SE2d 562) (1993). Because the transcript supports the court's finding that the surgeon was qualified to give his opinion based upon appropriate experience, we find no abuse of discretion. See *Vasquez v. State*, 241 Ga. App. 512, 513 (2) (527 SE2d 235) (1999).

2. Flanigan contends the trial court erred in allowing the State to argue in closing that Flanigan's alibi was not credible. Flanigan complains that the State improperly attacked Mr. Thompson's testimony by "arguing facts not in evidence." Flanigan failed to articulate, however, exactly what those facts were, where they could be found in the record, and how they undermined his alibi. He also failed to provide any record citation to the alleged improper closing argument. And, he failed to cite to an objection showing that he preserved any

error for appeal. Consequently, we deem this unsubstantiated claim abandoned pursuant to Court of Appeals Rule 27 (c) (2). See *Jackson v. State*, 213 Ga. App. 420, 421 (444 SE2d 854) (1994).

*Judgment affirmed. Johnson, P. J., and Ruffin, J., concur.*

DECIDED JULY 25, 2001.

*James D. Key*, for appellant.

*Daniel J. Porter, District Attorney, Shampa Banerji, Assistant District Attorney*, for appellee.