### A01A2123. JENKINS v. THE STATE.
(557 SE2d 470)

RUFFIN, Judge.

This appeal stems from a tragic automobile collision caused by Vicky Jenkins while she was driving under the influence of alcohol. As the victim was waiting at a railroad crossing for a train to pass, Jenkins drove her pickup truck into the rear of the victim's car and rammed it into the train. The victim's injuries left her paralyzed from the chest down. Following trial, a jury found Jenkins guilty of one count of driving under the influence of alcohol to the extent it was less safe for her to drive, one count of driving with an alcohol concentration of more than 0.10 grams, and one count of causing a serious injury by vehicle. At sentencing, the trial court merged both counts of driving under the influence into Jenkins' conviction for causing a serious injury by vehicle. Jenkins appeals, asserting that the trial court erred by failing to merge the driving under the influence counts prior to trial and in admitting certain evidence. Finding no error, we affirm.

1. Jenkins asserts that the trial court should have merged the charges against her prior to trial and that its failure to do so resulted in the admission of prejudicial evidence. Jenkins has not shown, however, that she ever raised this issue before the trial court.[1] Under these circumstances, she has waived appellate review of the matter.[2] Furthermore, even if Jenkins had preserved the issue, we are aware of no authority, and she has not cited any, that required the court to merge the counts prior to trial.

2. Jenkins raises several arguments in support of her assertion that the trial court erred in admitting evidence of a similar transaction. Although she raised some of the arguments during the hearing conducted pursuant to Uniform Superior Court Rule 31.3 (B), Jenkins failed to object when the similar transaction evidence was introduced during the trial. Such objection was required to preserve the issue for appeal.[3] Furthermore, we note that the transcript of the similar transaction hearing contains ample evidence that Jenkins

---

[1] Jenkins' failure to state how she preserved this assertion is a violation of Court of Appeals Rule 27 (a) (1).
[2] See *Holt v. State*, 244 Ga. App. 341, 344 (2) (535 SE2d 514) (2000).
[3] See *Spear v. State*, 270 Ga. 628, 631 (5) (513 SE2d 489) (1999); *Young v. State*, 269 Ga. 478, 479 (3) (499 SE2d 60) (1998).

committed the similar act.[4] An eyewitness to the act testified that he saw Jenkins driving erratically immediately before she lost control of her pickup truck, drove off the road, and rolled her truck over. A Georgia State Patrol trooper who investigated the accident stated that Jenkins admitted to driving the truck and that, based on the results of a blood test showing her blood alcohol concentration was 0.19 grams, she was charged with driving under the influence. The fact that, at the time of this trial, Jenkins had not yet been tried for the similar act did not render the evidence inadmissible.[5]

3. Jenkins next asserts that the trial court erred by allowing an expert witness for the State to testify about the symptoms of impairment corresponding with her blood alcohol level. Jenkins argues that the State failed to lay a sufficient foundation establishing that the witness was an expert in this field. We disagree.

The State's witness testified that she was a forensic toxicologist for the Georgia Bureau of Investigation ("GBI"), had a master's degree in forensic science, a bachelor's degree in chemistry, and had completed training with the GBI on the pharmacology of drugs and alcohol. The witness further testified that she had taken a pharmacology class where she learned about "the effects of drugs and what they do to your body and how they impair you."

"An expert is one whose habits and profession endow him or her with a particular skill in forming an opinion on the subject matter in inquiry. This Court has recognized that a combination of training and experience may be sufficient to qualify one as an expert witness."[6] We review a trial court's ruling qualifying a witness as an expert for abuse of discretion.[7] Because the evidence in this case showed that the toxicologist was qualified to testify about impairment levels of intoxicated drivers, the trial court did not abuse its discretion in admitting the evidence.[8]

4. Finally, Jenkins asserts that the trial court erred in admitting her blood test results into evidence because the arresting officer did not timely inform her of the implied consent warning. Again, however, Jenkins has not shown that she raised this issue before the trial court, and it is, therefore, waived.[9]

*Judgment affirmed. Johnson, P. J., and Ellington, J., concur.*

---

[4] Jenkins asserts that the State did not prove that she committed the independent act, but does not challenge the similarity of the act or the purpose for which it was introduced.

[5] See *Howard v. State*, 204 Ga. App. 882, 883 (1) (420 SE2d 811) (1992).

[6] (Citations and punctuation omitted.) *Flanigan v. State*, 250 Ga. App. 737, 738 (1) (552 SE2d 894) (2001).

[7] See id.

[8] See id.; see also *Moss v. State*, 209 Ga. App. 59, 61 (2) (432 SE2d 825) (1993).

[9] See *Davitt v. State*, 232 Ga. App. 427 (1) (502 SE2d 300) (1998); *Taylor v. State*, 232 Ga. App. 825, 826 (2) (502 SE2d 540) (1998); see also Court of Appeals Rule 27 (a) (1).

DECIDED DECEMBER 13, 2001.

*Martin H. Eaves*, for appellant.
*Richard E. Currie, District Attorney*, for appellee.