A03A0329. LANNING v. THE STATE.
(583 SE2d 160)

ANDREWS, Presiding Judge.

A jury convicted Timothy Lanning of vehicular homicide and driving under the influence of alcohol to the extent that it was less safe for him to drive. Lanning appeals, raising several enumerations of error. For the following reasons, we affirm.

The evidence at trial, taken in the light most favorable to uphold the verdict, was as follows. The investigating officer testified that on the date in question, he was patrolling in the early morning hours when he came upon the scene of an accident. There was a van stopped in the middle of the road, with one man lying by the side of the road and another man walking in front of the van. While the officer was checking on the injured man, the other man, defendant

Lanning, walked up and said, "I wasn't driving that van." The officer said he could smell alcohol when Lanning walked up to him and he appeared to be intoxicated. The officer stated that Lanning told him his wife had been driving the van and she "flew out of the window over me" on the passenger side.

The officer in charge of accident reconstruction testified that there was evidence that someone was steering the van after Lanning's wife Sonia was ejected. Also, the front seat of the van had two armrests between the passenger's seat and the driver's seat, and both were in the down position after the accident. In addition, there was testimony that whoever was driving applied the brakes, put the van in park, and turned off the ignition. Based upon these and other findings, the accident reconstruction expert testified that the victim Sonia Lanning could not have been driving the van, and the only person who could have been driving the van was Lanning.

In his defense, Lanning called the passenger in the van, who testified that when they left the nightclub that night, Sonia Lanning was driving and Timothy Lanning was in the passenger's seat. He said Sonia Lanning bounced up toward the roof after the van hit the guardrail, but he did not see what happened to her after that. The passenger stated that the van just came to a stop and he got out and walked over to the side of the road to lie down on the grass.

The jury convicted Lanning of vehicular homicide and DUI. This appeal followed.

1. In his first enumeration of error, Lanning claims the trial court erred because it admitted similar transaction evidence for an improper purpose. He does not argue that the similar transaction evidence should not have been admitted; but rather, that it should only have been admitted for the purpose of showing identity and not for purposes of showing bent of mind or course of conduct. The similar transaction evidence in question was a previous incident where Lanning, while intoxicated, drove through a chain link fence and overturned the car.

This evidence was admissible to demonstrate Lanning's bent of mind and course of conduct in driving after consuming alcohol. "Evidence of a prior DUI offense, regardless of the circumstances surrounding its commission, is logically connected with a pending DUI charge as it is relevant to establish that the defendant has the bent of mind to get behind the wheel of a vehicle when it is less safe for him to do so." (Citation and punctuation omitted.) *Savage v. State*, 252 Ga. App. 251, 256 (556 SE2d 176) (2001).

Lanning argues that it was error to admit the evidence for any purpose other than identity because his defense at trial was that he was not driving the van. As authority for this argument, he cites *Banks v. State*, 216 Ga. App. 326 (454 SE2d 784) (1995). But, in

*Banks*, this Court found that the similar transaction evidence was erroneously admitted, not that it was admitted for an improper purpose. Id. at 328. Moreover, in *Banks*, the defendant claimed that the victim had erroneously identified him as the attacker. Id. at 328-329. The instant case is not a "misidentification" case. Lanning is simply arguing that he did not commit the crime. Accordingly, the similar transaction evidence was relevant to his identity, course of conduct, and bent of mind. *Savage*, supra.

Because we conclude that the similar transaction evidence was properly admitted, the court's charge to the jury on this issue was not erroneous and counsel was not ineffective in failing to object to its admission.

2. Next, Lanning claims that trial counsel was ineffective for failing to object to the testimony of an officer who stated that he believed Lanning was the driver of the van. Lanning claims counsel should have objected because this testimony improperly bolstered the expert testimony of the accident reconstruction officer.

"To establish ineffective assistance of counsel, [a defendant] must show that his counsel's performance was deficient and that the deficient performance prejudiced his defense." *Gross v. State*, 262 Ga. 232, 233-234 (1) (416 SE2d 284) (1992); *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). The test is whether there is a reasonable probability the jury would have reached a different verdict, absent the error of counsel. *Gross*, supra.

In analyzing a claim of ineffective assistance of counsel, we note at the outset that a trial court's finding that a defendant has not been denied effective assistance of counsel will be affirmed unless clearly erroneous. *Warren v. State*, 197 Ga. App. 23, 24 (1) (397 SE2d 484) (1990). Further, Lanning must overcome the strong presumption that defense counsel's conduct falls within the broad range of reasonable professional conduct. *Snyder v. State*, 201 Ga. App. 66, 69 (8) (410 SE2d 173) (1991).

The transcript shows that defense counsel cross-examined the officer who admitted that he did not have the training and experience to give an opinion as to who was driving the van. Counsel's decision not to object to testimony that was already in front of the jury but rather to attack it on cross-examination is a matter of trial tactics and strategy and does not equate to ineffective assistance of counsel. See, e.g., *Atkins v. State*, 253 Ga. App. 169, 173 (558 SE2d 755) (2002).

3. Lanning also claims that it was error to allow the officer to testify that he appeared to be intoxicated to the extent that he would be a less safe driver. The officer stated this opinion after testifying as to his training and the number of DUIs he had investigated. Lanning

contends that this testimony invades the jury's province to decide the ultimate issue in the case.

Lanning's arguments in this regard were decided adversely to him in *Chance v. State*, 193 Ga. App. 242 (1) (387 SE2d 437) (1989). See also *Driver v. State*, 240 Ga. App. 513, 515 (523 SE2d 919) (1999) (a court in its discretion may allow a trained and experienced officer, such as the officer here, to render such an opinion based on the officer's personal observations of the defendant); *Church v. State*, 210 Ga. App. 670, 671 (436 SE2d 809) (1993).

*Judgment affirmed. Barnes and Adams, JJ., concur.*

DECIDED JUNE 4, 2003.

*Jennifer R. Kiser*, for appellant.

*Paul L. Howard, Jr., District Attorney, Anne E. Green, Elizabeth A. Baker, Assistant District Attorneys*, for appellee.