A98A2465. HOLZENDORF v. THE STATE.
(509 SE2d 737)

ELDRIDGE, Judge.

A jury found Anthony T. Holzendorf guilty of selling cocaine, and he was sentenced to a term of life in prison. Holzendorf appeals from

the conviction entered on the verdict, contending there is insufficient evidence to support the verdict. We disagree.

When viewed in a light most favorable to support the verdict, the evidence shows the following: John Cornish, who was a member of the U. S. Navy, was working as an undercover agent for the Naval Investigative Service, a federal law enforcement agency. On February 7, 1994, Cornish went to a residence located at 349 North Orange Edwards Avenue in Kingsland to attempt to buy drugs from a female from whom he previously had purchased drugs. Cornish knocked on the door, and the people inside the house asked who it was. Cornish responded "Juice," which was a name he previously had used when he purchased drugs from the female.

The female who previously sold Cornish drugs was inside the house with Holzendorf and several other people. Holzendorf asked Cornish what he wanted, and Cornish replied he wanted a "forty." Holzendorf turned away and then came back with two rocks of crack cocaine wrapped in a napkin. Holzendorf gave Cornish the cocaine, and Cornish gave Holzendorf $40.

Cornish testified that the sale took place in a well-lighted room and that Holzendorf did not have a cap or hat on his head or anything covering his face. Cornish was sure that the individual who sold him the cocaine was Holzendorf.

Derek Lovelady testified that he was familiar with Holzendorf; that he had met Holzendorf in the early part of 1993; and that between that date and February 7, 1994, he had seen Holzendorf between 50 and 100 times. Lovelady further testified that he had seen Holzendorf at 349 North Orange Edwards Avenue on February 7, 1994, as well as on approximately five other occasions, and that Holzendorf had advised him that Holzendorf was residing at that address.

The following evidence was introduced at trial to show Holzendorf had been involved in a similar transaction: Robert Ford, a special agent with the Georgia Bureau of Investigation, testified that, on September 5, 1991, he and his partner were working in Camden County on an undercover drug operation. During the course of this undercover operation, Agent Ford met Holzendorf at the Venezuela Club in Kingsland and purchased $20 worth of crack cocaine from Holzendorf.

When reviewing a conviction, this Court must determine "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." (Emphasis in original.) *Jackson v. Virginia*, 443 U. S. 307, 319 (99 SC 2781, 61 LE2d 560) (1979). While Holzendorf denied being at 349 North Orange Edwards Avenue on February 7, 1994, and denied selling

cocaine to Cornish, "it is the function of the jury, and not this Court, to resolve conflicts in the evidence. This Court determines only the legal sufficiency of the evidence adduced below and does not weigh the evidence or assess the credibility of the witnesses." (Citation and punctuation omitted.) *Kapua v. State*, 228 Ga. App. 193, 195 (491 SE2d 387) (1997). Viewed in the light most favorable to the verdict, the evidence was sufficient to enable a rational trier of fact to find Holzendorf guilty beyond a reasonable doubt of sale of cocaine. *Jackson v. Virginia*, supra.

*Judgment affirmed. McMurray, P. J., and Blackburn, J., concur.*

DECIDED NOVEMBER 24, 1998.

*Clyde M. Urquhart*, for appellant.

*Stephen D. Kelley, District Attorney, George C. Turner, Jr., Assistant District Attorney*, for appellee.