## A99A0535. COLTS v. THE STATE.
(516 SE2d 313)

Judge Harold R. Banke.

Citing insufficiency of evidence, Jerrod Colts appeals his convictions for robbery (OCGA § 16-8-40) and aggravated battery (OCGA § 16-5-24). The standard of review set out in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979) is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. " 'An appellate court determines only the legal sufficiency of the evidence adduced below and does not weigh the evidence or assess the credibility of the witnesses. [Cits.]' [Cit.]" *Hight v. State*, 221 Ga. App. 574-575 (1) (472 SE2d 113) (1996).

The victim and another eyewitness both testified that Colts violently pushed the victim into a deep ditch, fracturing her arm in three places. Seven months passed before the victim could use her arm again, and at trial eleven months after the incident she still had not regained feeling in three fingers. In addition to both witnesses identifying Colts in court, the victim, who had known 19-year-old Colts since his childhood, identified him by name to police immediately after the incident and that same day unhesitatingly picked Colts out of a photo lineup of similar looking individuals.

The victim further testified that while she was disabled in the ditch, Colts forcibly took a gold necklace and cash from her. The other eyewitness testified that Colts later admitted to taking cash from the victim. When Colts testified in his own defense, he admitted to knowing facts only the assailant could have known, such as how the frac-

tured arm looked, the amount of money in one of the victim's hands, and her cries for help.

Colts points to evidence that challenges or weakens the State's evidence, including his own testimony and the testimony of a friend of Colts that the eyewitness committed the crime, the criminal background of the victim, the self-interest of the eyewitness in exculpating himself from the crimes, inconsistencies between the eyewitness and the victim, and a pre-trial statement by the victim that the eyewitness may have committed the crimes. The victim explained the latter statement arose out of her fear Colts would make good on threats to harm her if she testified against him. All of this evidence was presented to the jury, whose function was to resolve the conflicts in the evidence. *Holzendorf v. State*, 235 Ga. App. 462, 464 (509 SE2d 737) (1998). Colts' dissatisfaction with that resolution is not ground for appeal.

Colts maliciously caused bodily harm to the victim by rendering her arm useless. He took her property by force. The evidence sufficed to sustain the convictions. See OCGA §§ 16-5-24; 16-8-40.

*Judgment affirmed. Blackburn, P. J., and Barnes, J., concur.*

DECIDED APRIL 12, 1999.

*Farless & Newton, William H. Newton III,* for appellant.
*Tambra P. Colston, District Attorney, Martha P. Jacobs, Assistant District Attorney,* for appellee.