A01A2078. THOMAS v. THE STATE.
(560 SE2d 745)

BLACKBURN, Chief Judge.

James Thomas appeals his convictions of possession of cocaine, driving under the influence of cocaine, exceeding maximum limits, and driving without insurance. He contends that the evidence was insufficient to support his convictions and that the trial court erred in denying his motion to suppress. We affirm in part and reverse in part.

1. In his first enumeration of error, Thomas challenges the sufficiency of the evidence. Specifically, he maintains that there is no evidence in the record that he: (1) was intoxicated or under the influence of either alcohol or drugs; (2) possessed a controlled substance, particularly the cocaine that is the State's Exhibit 1; or (3) did or did not have insurance.

"In bench trials, the findings of the trial court will not be set aside unless clearly erroneous and regard must be given to the trial court's opportunity to assess the credibility of the witnesses. [Cit.]" *Covrig v. Miller.*[1] However, deference to the trial court's findings does not lessen the burden of proof resting on the State to prove every material allegation of the indictment and every essential element of the crimes charged beyond a reasonable doubt.

Thomas filed a motion to suppress which was heard on October 18, 1999. At the hearing, the only issue was whether the stop of his vehicle was illegal. Officer David Morris, who made the stop, testified that he activated his radar unit when he noticed Thomas's vehicle traveling at a high rate of speed. The radar indicated that Thomas was going 61 mph in a 45-mph zone. Morris, who had been traveling in the opposite direction, turned his vehicle around and stopped Thomas. The officer testified that he checked Thomas's license and found that it was valid and then asked for proof of insurance. Thomas returned to his truck and began searching for his insurance card. Before Officer Morris testified any further, Thomas's counsel informed the trial court that "our contentions are that the stop of the vehicle was illegal. From that point on, we don't raise an issue. Our issues all occur prior to the physical stopping of the vehicle at the Texaco station." There was, therefore, no testimony concerning any-

---

[1] *Covrig v. Miller*, 199 Ga. App. 864, 865 (1) (406 SE2d 239) (1991).

thing that occurred after Thomas went to his truck to look for proof of insurance. Thomas's main contention was that the radar unit had been used within 300 feet of a reduction of speed limit within a municipality, in violation of OCGA § 40-14-9, and that any evidence obtained as a result was inadmissible. Thomas tendered a photograph and testified himself in support of this contention. The court took the matter under advisement, and the hearing was adjourned.

Thomas waived a jury trial, and a bench trial was held on November 27, 2000. At that trial, Thomas and the State agreed to the tendering of a crime lab report establishing that State's Exhibit 1 was cocaine. Thomas also stipulated to the chain of custody of Exhibit 1. Both Thomas and the State stipulated to the transcript of the hearing on the motion to suppress, the State reserving its right to supplement the record. In addition, Thomas tendered as exhibits maps and records in support of his contention that the stop of his vehicle was illegal because the radar unit had been used within 300 feet of a reduction of speed limit in violation of OCGA § 40-14-9. No other argument was made or evidence submitted, and both Thomas and the State rested. The State did not supplement the record.

The case came before the trial court for final disposition on May 15, 2001. Thomas's counsel, Gilbert Murrah, summarized for the court the prior proceedings, and the prosecutor indicated that he was ready for the court to dispose of the case on the basis of the existing record.

> Murrah: On the hearing on the Motion to Suppress, the officer got to the point where he said he had pulled the car over and walked up to the car. There was a question about whether it was daylight or dark or light or dark inside the vehicle. And at that point, I indicated in the Motion to Suppress hearing that the only issue involved in that proceeding was the legality of the stop, and I think that's where the State left it right there. And we dealt with that in the hearing on the Motion to Suppress. Then we subsequently had a bench trial and we agreed to submit it to you on the record of what was established in the hearing on the Motion to Suppress and the State was going to have an opportunity to put up any additional evidence after they reviewed the transcript if they saw any gaps in their proof. That's where we are. I don't know if they have got more they want to produce or not.
>
> The Court: I don't either.
>
> The State: Like I stated to the Court, I have not reviewed the transcript, have not received the transcript, but am prepared to have the Court deal with this case.

After the State indicated that it was prepared for the court to decide the case based on the existing record, the trial court first ruled on the objection to the radar, finding that the unit had not been operated within 300 feet of a speed limit reduction. The court then found Thomas guilty of Count 1, possession of cocaine; Count 2, driving under the influence of drugs to the extent it was less safe for him to drive; Count 3, operation of a motor vehicle in excess of the maximum speed limit; and Count 4, driving without insurance. The trial court sentenced Thomas to ten years, three to serve, on Count 1, one year on Count 2, one year on Count 3, and one year on Count 4, all sentences to be served concurrently.

As to Thomas's contention that there was no evidence in the existing record that he was under the influence of drugs, we agree. Count 2 of the indictment charges Thomas with driving under the influence of cocaine "to the extent that it was less safe for him to drive." He was thus charged with a violation of OCGA § 40-6-391 (a) (2). No blood, urine, or other tests showing that Thomas had ingested cocaine are a part of the record before us. Additionally, there is nothing in the record from which the trial judge could have inferred that Thomas was under the influence of cocaine to the extent that he was a less safe driver. Under these circumstances, the evidence is insufficient to convict Thomas of driving under the influence of drugs in violation of OCGA § 40-6-391 (a) (2). See *Sparks v. State*,[2] overruled on other grounds, *Green v. State*.[3] The conviction and sentence for violation of OCGA § 40-6-391 (a) (2) must be set aside.

We also agree with Thomas that nothing in the record supports his conviction for driving without insurance. The State had the burden to show that Thomas did not in fact have insurance at the time he was stopped and that he knew that he did not possess insurance, "knowledge of the lack of insurance [being] an essential element of the offense." *Thompson v. State*.[4] The only evidence concerning insurance was Officer Morris's testimony that when he stopped Thomas, Thomas could not find his insurance card. Accordingly, we find that Thomas's conviction for driving without insurance must be reversed due to insufficient evidence.

As to Thomas's conviction for possession of cocaine, we find that there was sufficient evidence of that crime. To convict a defendant for possession of cocaine, the State must prove that the defendant was (1) in possession of (2) an illegal substance. As noted above, Thomas stipulated to the admission of State's Exhibit 1 and State's Exhibit 2. State's Exhibit 1 was a quantity of white powder. State's Exhibit 2

[2] *Sparks v. State*, 195 Ga. App. 589, 590 (394 SE2d 407) (1990).
[3] *Green v. State*, 260 Ga. 625 (398 SE2d 360) (1990).
[4] *Thompson v. State*, 243 Ga. App. 878, 881 (1) (534 SE2d 151) (2000).

was the crime lab report establishing that the white powder was in fact cocaine. Thus, there was evidence that Exhibit 1 was an illegal substance. Thomas also stipulated to the chain of custody of Exhibit 1. That chain of custody shows that Exhibit 1 was found in the vehicle owned by Thomas, thereby establishing Thomas's possession of the cocaine. Viewing this evidence in the light most favorable to the prosecution, we find that the evidence was sufficient for the trial judge, sitting as the trier of fact, to conclude beyond a reasonable doubt that Thomas was guilty of the crime charged.

2. In his second enumeration of error, Thomas contends that the trial court erred in denying his motion to suppress. We find no error.

"When we review a trial court's decision on a motion to suppress, the evidence is construed most favorably to uphold the findings and judgment of the trial court; the trial court's findings on disputed facts and credibility are adopted unless they are clearly erroneous and will not be disturbed if there is any evidence to support them." *Stovall v. State*.[5] In support of his contention, Thomas first claims that the State did not establish that the radar unit was not operated within 300 feet of a reduction of speed limit inside an incorporated municipality, as required by OCGA § 40-14-9, and that evidence obtained in violation of that statute is inadmissible. At the hearing on the motion to suppress, both Thomas and the State agreed that they would have no objection to the trial judge's "taking a view" of the location at which Thomas was stopped. The trial court did take a view of the area and found "that the spot at which the officer indicated that he commenced the radar, engaged the radar . . . was two-tenths of a mile from and inside the city limits from the 45-mph sign coming into Camilla, traveling south on 19." This finding is not clearly erroneous; the trial court did not err in denying the motion to suppress.

Thomas also claims that the State did not present any proof that the City of Camilla had a permit authorizing its use of a radar unit, as required by OCGA § 40-14-2. Our review of the transcripts, however, reveals that Thomas did not preserve this issue for review. Thomas raised the issue of whether the municipality had a certificate authorizing use of the radar unit at the suppression hearing, objecting to Officer Morris's testimony that the municipality had proper authorization on the ground of the best evidence rule. When the judge neither sustained nor overruled his objection, and the State continued questioning the officer about his competence to operate a radar unit, Thomas did not seek further clarification from the court regarding his objection or renew his objection. At the end of the hearing, Thomas, in summarizing his contentions for the trial court

---

[5] *Stovall v. State*, 251 Ga. App. 7, 10 (1) (553 SE2d 297) (2001).

regarding the illegality of the stop, asserted that the stop was illegal because the radar was used within 300 feet of a speed reduction sign; he did not urge lack of proper certification of the radar unit as a basis for his contention that the stop was illegal. At the bench trial, Thomas presented additional evidence in support of his contention that the stop was illegal because it was made within 300 feet of a speed limit reduction. He did not contend that the municipality did not have proper certification for operation of the radar unit. Given his apparent abandonment of this argument, we find that the issue has not been preserved for appeal. *Norman v. State.*[6]

*Judgment affirmed in part and reversed in part. Pope, P. J., and Mikell, J., concur.*

DECIDED FEBRUARY 21, 2002 — 

*Gilbert J. Murrah*, for appellant.

*J. Brown Moseley, District Attorney, Ronald R. Parker, Assistant District Attorney*, for appellee.

---

[6] *Norman v. State*, 197 Ga. App. 333, 336 (398 SE2d 395) (1990).