A02A0443. JONES v. THE STATE.
(564 SE2d 220)

ELLINGTON, Judge.

A Gwinnett County jury convicted Timothy Jones of sale of cocaine on March 9, 1999, and possession of cocaine with intent to distribute on March 22, 1999. OCGA § 16-13-30 (b). On appeal from the denial of his motion for new trial, he contends the trial court erred in admitting similar transaction evidence, denying his motion for a directed verdict based upon equal access, denying his motion to suppress certain evidence, and denying his motion to sever. He also claims ineffective assistance of counsel, excessively severe sentences, and insufficiency of the evidence. For the following reasons, we affirm.

---

[4] (Citations and punctuation omitted.) Id. at 34-35 (1).

Viewed in the light most favorable to the verdict,[1] the record shows that, on March 9, 1999, a police officer conducted a controlled buy at a Gwinnett County house using a confidential informant ("CI"). The CI drove to the house with an undercover officer as a passenger. When they arrived at the house, Jones was on the front porch. The informant walked up to the porch and talked to Jones. When the CI asked for crack cocaine, Jones told her to drive a short way to the end of the cul-de-sac. Jones went into the house and then walked to the car. He gave the officer and CI several rocks of crack cocaine in exchange for $50. Jones told them to be careful because it is "hot around here."

Police officers executed a search warrant for the house on March 22, 1999. The evidence showed that, during the two weeks between the sale of cocaine and the execution of the warrant, Jones stayed overnight at the house the majority of the time. At least three other individuals also stayed at the house. The record does not show, however, who owned the house or whether anyone was renting it. When police executed the warrant, Jones was in the kitchen. During the search, the officers found cocaine in a bedroom and underneath a concrete block behind a shed in the backyard.

1. Jones argues that the trial court erred in admitting similar transaction evidence. After the State filed notice of its intention to present such evidence pursuant to Uniform Superior Court Rule 31.3 (A), Jones moved to exclude the evidence. Following a hearing, the court found the evidence admissible to show motive and course of conduct. Thereafter, Jones requested a limiting instruction, and one was given immediately before the trial testimony regarding the similar transaction and again immediately before the jury's deliberation. Jones failed to object to the similar transaction testimony at trial. As our Supreme Court stated in *Young v. State*, 269 Ga. 478, 479 (3) (499 SE2d 60) (1998), "[e]ven though [the defendant] objected to the introduction of the similar transaction evidence at the hearing conducted pursuant to Uniform Superior Court Rule 31.3 (B), he was required to object . . . at trial in order to preserve the issue on appeal." (Citation omitted.) See also *Jenkins v. State*, 253 Ga. App. 8 (2) (557 SE2d 470) (2001). Accordingly, like the appellants in *Young* and *Jenkins*, Jones has waived this issue for appeal.

2. Jones contends the trial court erred in denying his motion for a directed verdict as to Count 2 of the accusation, possession of cocaine with intent to distribute. He argues that others had equal access to the cocaine found on the premises. Jones' reliance on the equal access doctrine is misplaced.

---

[1] *Holzendorf v. State*, 235 Ga. App. 462, 463 (509 SE2d 737) (1998).

When the State presents evidence that the defendant owned or controlled the premises where the contraband was found, a rebuttable presumption arises that the defendant possessed the contraband. See *Sears v. State*, 244 Ga. App. 718-719 (536 SE2d 605) (2000); *Love v. State*, 227 Ga. App. 772, 773 (490 SE2d 527) (1997). The equal access rule entitles a defendant to acquittal where the only evidence of possession is the defendant's ownership or control over the premises, and the defendant can show that others recently had access to the premises. See *Nation v. State*, 252 Ga. App. 620, 624 (5) (556 SE2d 196) (2001); *Washington v. State*, 253 Ga. App. 611, 613-614 (1) (560 SE2d 80) (2002). "It is simply a defense available to the accused to whom a presumption of possession flows." (Punctuation and footnote omitted.) *Nation v. State*, 252 Ga. App. at 624 (5). In this case, however, the State did not show who leased the house or had exclusive control over it. Accordingly, no presumption of ownership arose, and the equal access defense was not available to Jones. Id.; *Washington v. State*, 253 Ga. App. at 614 (1).

Further, the trial court instructed the jury on sole, joint, actual, and constructive possession, party to a crime, and mere presence. The totality of the evidence presented at trial was sufficient to prove that Jones was in joint, constructive possession of the cocaine, so Jones was not entitled to a directed verdict on the possession with intent charge.

3. Jones argues that the trial court erred in denying his motion to suppress the cocaine found underneath a concrete block behind the backyard shed. During the motion hearing, Jones argued that there was no evidence the shed belonged to the owners of the house and, therefore, was not subject to search under the warrant. The officer executing the warrant testified at the hearing that he was not certain the shed actually belonged to the house, but that police had been notified that the residents were selling drugs from the shed and several neighbors had complained about drug-related "foot traffic" in the backyard. The officer testified at trial that there was a worn path from the house to the shed. The trial court denied the motion to suppress, finding that the search warrant was supported by probable cause and the search was properly extended to the curtilage, which included the shed.

Although it appears that Jones effectively abandoned his curtilage argument at trial,[2] the trial court did rule on Jones' argument in its denial of the motion for new trial. The trial court specifically found that the shed was located within the curtilage, in the backyard

---

[2] When Jones objected to the admission of the cocaine at trial, his only objection was on chain of custody grounds. Accordingly, the curtilage argument could be deemed waived. See *Thomas v. State*, 253 Ga. App. 866, 869-870 (2) (560 SE2d 745) (2002).

approximately 25-30 feet from the back of the house and ruled as follows:

> "Curtilage" includes the yards and grounds of a particular address, its gardens, barns, buildings, etc. Whether the place searched is within the curtilage is to be determined from the facts, including its proximity or annexation to the dwelling, its inclusion within the general enclosure surrounding the dwelling, and its use and enjoyment as an adjunct to the domestic economy of the family. . . . The Court finds that the police did not exceed the scope of the search warrant and the evidence supports the finding that the shed was in the proximity and curtilage of the subject property.

In reviewing the trial court's ruling on a motion to suppress, this Court construes the evidence in support of the ruling and will affirm the trial court's order if there is any evidence to support it. *Tate v. State*, 264 Ga. 53, 54 (1) (440 SE2d 646) (1994). Having so viewed the evidence, we find no error in the trial court's ruling.

4. Jones contends the trial court erred in denying his motion to sever. As we recently stated in *Shelton v. State*, 252 Ga. App. 444, 447 (2) (556 SE2d 540) (2001), however, "a trial court may join offenses for trial if the offenses are based on the same conduct, on a series of connected acts, or on a series of acts constituting parts of a single scheme or plan. The determination whether to grant or deny a motion to sever the trial of separate criminal offenses is within the discretion of the trial court." (Citations and punctuation omitted.) In this case, the first offense involved Jones' sale of cocaine from the house where cocaine was discovered less than two weeks later. Additionally, the sale provided the basis of the search warrant, the execution of which resulted in the possession with intent charge.

Jones contends that the second incident involved "complex concepts of law" having to do with issues of joint, sole, actual, and constructive possession and of equal access. It is true that this is a factor to be considered: "the test . . . is whether, in light of the number of offenses charged and the complexity of the evidence, the fact-trier will be able to distinguish the evidence and apply the law intelligently to each offense." (Citation and punctuation omitted.) *Hayes v. State*, 249 Ga. App. 857, 861 (2) (549 SE2d 813) (2001). Here, however, only two offenses were charged, which occurred within a two-week period. In denying the motion to sever, the trial court found that "the evidence supporting [the charges] is not complex and would not pose a risk of confusing the jury." As the court found in its order denying Jones' motion for a new trial, "the facts show a continuing

course of conduct of defendant's activities at or near [the house]." Having reviewed the record, we find no error in the trial court's conclusion that the jury was able to distinguish the evidence and apply the law intelligently as to each of the charges.

5. Jones next argues ineffectiveness of counsel. Neither his original motion for new trial nor his amended motion, which was filed by new counsel, raises this point, however, nor was it argued during the hearing on the motion. "An ineffectiveness claim must be asserted at the earliest practicable moment and before appeal when the opportunity to raise such claim is available. The failure to do so results in a waiver of that issue." (Citation omitted.) *Parks v. State*, 246 Ga. App. 888, 890 (2) (543 SE2d 39) (2000). Accordingly, this enumeration was not preserved for our review.

6. Jones contends that his sentences are excessive in light of the crimes committed. After recognizing that Jones had previous drug convictions, the trial court sentenced Jones to life imprisonment on Count 1 and to 15 years of probation on Count 2. Neither sentence exceeds the permissible maximum for that offense. See OCGA § 16-13-30 (d). "Where the sentences imposed are within the statutory limits, as they are here, they are not unconstitutional. Any complaints regarding the severity should have been addressed to the appropriate sentence review panel." (Citations and punctuation omitted.) *Schwindler v. State*, 254 Ga. App. 579, 589 (12) (563 SE2d 154) (2002).

7. Finally, Jones argues that the evidence was insufficient to support the jury's verdict.

> When reviewing a conviction, this Court must determine "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." (Emphasis in original.) *Jackson v. Virginia*, 443 U. S. 307, 319 (99 SC 2781, 61 LE2d 560) (1979). . . . "[I]t is the function of the jury, and not this Court, to resolve conflicts in the evidence. This Court determines only the legal sufficiency of the evidence adduced below and does not weigh the evidence or assess the credibility of the witnesses." (Citation and punctuation omitted.) *Kapua v. State*, 228 Ga. App. 193, 195 (491 SE2d 387) (1997).

*Holzendorf v. State*, 235 Ga. App. 462, 463-464 (509 SE2d 737) (1998). As to Count 1, an officer testified that he witnessed Jones selling crack cocaine to a CI. Likewise, as to Count 2, the evidence showed that Jones was in joint, constructive possession of crack cocaine packaged in "little pieces" for distribution. Accordingly, there was suffi-

cient competent evidence to prove beyond a reasonable doubt that Jones committed the crimes as charged. *Holzendorf v. State*, 235 Ga. App. at 464.

*Judgment affirmed. Smith, P. J., and Eldridge, J., concur.*

DECIDED APRIL 11, 2002 —

*Christine A. Koehler*, for appellant.

*Daniel J. Porter, District Attorney, David K. Keeton, Assistant District Attorney*, for appellee.