## A03A0738. HESTER v. THE STATE.
### (583 SE2d 274)

RUFFIN, Presiding Judge.

A jury found Rodney Hester guilty of possessing cocaine, possessing cocaine with intent to distribute, possessing cocaine with intent to distribute within 1,000 feet of a housing project, and attempted bribery. The trial court sentenced Hester to life plus 60 years in prison. On appeal, Hester challenges the sufficiency of the evidence. Hester also contends that he is entitled to a new trial because the trial court misinformed him about the range of potential sentences prior to trial. Finally, Hester claims that he received ineffective assistance of trial counsel. As Hester's allegations of error lack merit, we affirm.

1. Having been convicted of the crimes, Hester is no longer presumed innocent, and we view the evidence in a light most favorable to support the jury's verdict.[1] Our inquiry is limited to whether any rational trier of fact could have found, beyond a reasonable doubt, the essential elements of the crimes.[2] In so doing, we neither weigh the evidence nor assess witness credibility, which are solely matters for the jury.[3]

So viewed, the evidence shows that on November 8, 1995, police officers Cliff Kelker and David Barnes were conducting surveillance in a high crime area near a public housing project. The officers saw Hester pick up an item on the sidewalk, which he then gave to a man who walked up to him. According to Kelker, he also observed what appeared to be money changing hands. Kelker testified that he "felt sure that this was a drug transaction," and he called for a police unit to pick up the suspects. As soon as the unit pulled into view, Hester fled on foot.

Barnes chased and apprehended Hester. Kelker walked over to the sidewalk where he had seen Hester pick up the item and discov-

---

[1] See Way v. State, 252 Ga. App. 9 (1) (555 SE2d 230) (2001).

[2] See Jones v. State, 254 Ga. App. 863, 867 (7) (564 SE2d 220) (2002).

[3] See id.

ered two rocks of crack cocaine and additional cocaine ground into the sidewalk. When Barnes returned with Hester, Kelker searched Hester's pockets and found cocaine residue. Hester was arrested and taken to the police station. According to Barnes, while he was counting Hester's money at the station, Hester leaned forward and whispered to him "to just leave [Hester] $10 and take the rest [of the money] and that [Hester] would give [him] $1500 a week if [he] would let [Hester] go." Hester also told Barnes to take his watch.

Based upon this and other evidence, the jury found Hester guilty of possessing cocaine, possessing cocaine with intent to distribute, possessing cocaine with intent to distribute within 1,000 feet of a housing project, and attempted bribery. On appeal, Hester contends the evidence was insufficient because both officers were too far away to actually see the drug transaction. However, given the officers' unequivocal testimony linking Hester to the crime, Hester's proximity to the cocaine, and the cocaine residue in his pocket, we find the evidence amply supports his convictions.[4]

Hester also claims that his bribery conviction should be reversed because "there was no evidence that [he] intended to influence [Barnes] in the performance of an official act." Again, however, the jury was authorized to find that, by offering Barnes money and his watch, Hester intended to influence Barnes' performance of his official duties.[5] Indeed, Barnes testified that he interpreted Hester's statement as a request to "let [Hester] go." It follows that this allegation of error presents no basis for reversal.

2. The record reveals that, during discovery, the State notified Hester of its intent to use his prior convictions in aggravation of sentencing, and it provided Hester with a copy of his criminal history. The printout showed that Hester had a prior conviction for "possession/purchase, etc. — cocaine." Although the prosecutor interpreted this as a prior conviction for possession of cocaine, in fact, Hester had been convicted of possession with intent to distribute cocaine. Thus, Hester faced a possible life sentence for a second conviction.[6]

Unaware that Hester had previously been convicted of possession with intent to distribute, the prosecutor offered him a plea bargain of seven years with two to serve in prison.[7] Immediately before trial, the prosecutor reiterated the plea offer and stated, on the record, the potential sentences she believed that Hester faced. Specif-

---

[4] See *Moore v. State*, 257 Ga. App. 157, 158 (1) (571 SE2d 810) (2002); *Watkins v. State*, 253 Ga. App. 382, 385 (3) (559 SE2d 133) (2002).

[5] See *Lee v. State*, 204 Ga. App. 283, 284 (5) (418 SE2d 809) (1992).

[6] See OCGA § 16-13-30 (d).

[7] Under OCGA § 16-13-30 (d), the minimum sentence for a second conviction for possessing cocaine with intent to distribute is ten years.

ically, the prosecutor said Hester faced a maximum sentence of 30 years.

During the trial, the prosecutor obtained a certified copy of Hester's conviction and discovered the mistake. Realizing that Hester had not been informed of the possible life sentence, the prosecutor offered to reopen plea negotiations and said that she was willing to stand by her original offer of seven years with two to serve. Hester and his attorney discussed the State's offer, which Hester rejected. According to trial counsel, Hester "was not interested in taking a plea . . . [because] he thought that the case was a beatable case."

On appeal, Hester asserts that he is entitled to a new trial because the prosecutor "incorrectly stat[ed] the minimum and maximum sentences that [he faced] at trial, invalidating [his] knowing and voluntary decision to proceed to trial." Hester argues that he would have accepted the plea offer had the State told him that he faced a life sentence if convicted. His argument, however, is belied by the record.

The record shows that Hester was given the choice of accepting the State's plea offer *after* learning that he faced a potential life sentence. Thus, his decision to reject the plea was a fully informed one.[8] Under these circumstances, Hester is unable to establish that he was harmed by the prosecutor's prior misstatement, thereby precluding reversal on this basis.[9]

3. In his final enumeration of error, Hester claims he received ineffective assistance of trial counsel. Hester alleges that his attorney was ineffective for failing to: (1) object to the use of his prior conviction in aggravation of sentencing; (2) object to testimony that touched on the ultimate issue; and (3) obtain impeachment evidence. We address each allegation in turn.

In order to establish ineffective assistance, Hester "must show not only that his trial counsel's performance was deficient, but also that the deficiency so prejudiced his defense that, but for the trial counsel's performance, a reasonable probability exists that the result of the trial would have been different."[10] Moreover, Hester must overcome the strong presumption that his attorney's conduct fell within the broad range of reasonable, professional conduct.[11] "We will not

---

[8] See *Taylor v. State*, 239 Ga. App. 329, 330 (521 SE2d 375) (1999) (defendant unable to sustain ineffective assistance claim where attorney fully informed him of consequences of rejecting plea); *Brewer v. State*, 224 Ga. App. 656, 658 (4) (481 SE2d 608) (1997) (defendant who opted to go forward with trial rather than accept plea unable to establish ineffective assistance).

[9] See *Rubi v. State*, 258 Ga. App. 815, 819 (4) (575 SE2d 719) (2002) (in order to secure reversal, defendant "must [establish] harm as well as error").

[10] *Gosnell v. State*, 247 Ga. App. 508, 511 (3) (544 SE2d 477) (2001).

[11] See id.

reverse on the basis of ineffective assistance of counsel unless trial counsel's conduct so undermined the proper functioning of the adversarial process that the trial could not reliably have produced a just result."[12]

(a) According to Hester, his attorney was ineffective for failing to object to the introduction of his prior conviction in aggravation of sentencing. We disagree.

Before the State may use a defendant's prior conviction in aggravation of sentencing, it must provide the defendant with clear notice of all previous convictions that it intends to introduce.[13] The purpose of this rule is "to allow a defendant to examine his record to determine if the convictions are in fact his, if he was represented by counsel, and any other defect which would render such documents inadmissible."[14]

Here, the State provided the requisite notice that it intended to introduce Hester's prior convictions in aggravation of punishment, and it attached a copy of Hester's criminal history to the notice. Upon receiving the criminal history, Hester and his attorney discussed it. Although Hester certainly knew the crime for which he had been convicted, he evidently failed to mention to his attorney that the history was inaccurate. Having had an opportunity to examine his record and disclose the defect, Hester cannot now complain that the notice he received was insufficient.[15] Because the notice was sufficient, Hester's attorney was not ineffective for failing to object to the introduction of the prior conviction in aggravation of sentencing.[16]

(b) Hester contends that his attorney was ineffective for failing to object to Kelker's testimony, which Hester contends touched on the ultimate issue of fact. The prosecutor asked Kelker to explain why he thought Hester was involved in a drug transaction. Kelker then testified, without objection, regarding the various factors that led him to suspect Hester of committing a crime, including that he saw Hester pick up a small object consistent with the size of crack cocaine and exchange it for money.

We fail to see how this testimony constitutes an impermissible comment on the ultimate issue of Hester's guilt. Kelker's testimony simply illustrated the conduct he witnessed that gave rise to his suspicion of criminal activity. And a police officer is permitted to explain

---

[12] Id.

[13] See *West v. Waters*, 272 Ga. 591 (1) (533 SE2d 88) (2000); OCGA § 17-10-2 (a).

[14] (Punctuation omitted.) Id. at 591-592.

[15] See *Mullinax v. State*, 242 Ga. App. 561, 563 (2) (530 SE2d 255) (2000) (oral notice sufficient where defendant has opportunity to discuss record with counsel).

[16] See *Landers v. State*, 255 Ga. App. 410, 412 (3) (565 SE2d 585) (2002) ("Failure to make a meritless objection cannot be evidence of ineffective assistance of counsel.").

what activity aroused his suspicion.[17] As the testimony was unobjectionable, Hester's attorney was not ineffective for failing to object.[18]

(c) Hester argues that his attorney rendered ineffective assistance by failing to obtain a copy of the transcript from the probable cause hearing. During that hearing, Kelker testified that he did not recall having binoculars when he saw Hester engage in what appeared to be a drug deal. At trial, however, Kelker testified that he used binoculars. According to Hester, if his attorney had obtained a copy of the transcript, he could have impeached Kelker. Assuming that this evidence would have impeached Kelker's testimony to a degree, we find no basis for reversal. Kelker's use of binoculars — or lack thereof — does not go to whether Hester possessed cocaine with intent to distribute. And given the fact that police discovered cocaine near where Hester had been standing, as well as cocaine residue in his pockets, we fail to see how he was prejudiced by his inability to impeach Kelker.[19]

*Judgment affirmed. Smith, C. J., and Miller, J., concur.*

DECIDED JUNE 11, 2003.

*Martin & Parker, Roderick H. Martin, Russell John Parker, Jr.,* for appellant.

*Patrick H. Head, District Attorney, Dana J. Norman, Assistant District Attorney,* for appellee.

---

[17] See *Hamrick v. State,* 197 Ga. App. 89, 91 (3) (397 SE2d 503) (1990).
[18] See *Landers,* supra.
[19] See *Clonts v. State,* 260 Ga. App. 143, 147-148 (5) (a) (579 SE2d 1) (2003).