A03A0289. THRASHER v. THE STATE.
(583 SE2d 504)

MILLER, Judge.

Convicted on several counts of rape, burglary, kidnapping with bodily injury, aggravated sexual battery, and criminal attempt to commit aggravated sodomy, Robert Leon Thrasher appeals, citing several enumerations of error. Having examined these enumerations and discerning no error, we affirm.

The evidence showed that Thrasher committed a series of rapes and burglaries in the city of Winder over a one-month period. Most of the crimes occurred in the early morning hours, and Thrasher entered the victims' homes through a window or a door that was not secured by a deadbolt lock.

1. In two enumerations, Thrasher challenges the admission of DNA evidence presented at trial. He contends that the court erred in denying his various motions to suppress such evidence. "On appeal from the denial of a motion to suppress, where the evidence is uncontroverted, and there is no issue as to witness credibility, we review de novo the trial court's application of the law to the undisputed facts." (Punctuation and footnote omitted.) *Avant v. State*, 251 Ga. App. 165-166 (554 SE2d 194) (2001); see *Beasley v. State*, 254 Ga. App. 839 (1) (563 SE2d 909) (2002).

(a) Thrasher first argues that the trial court erred in denying his pre-trial motion to suppress. He contends that the search warrant seeking his bodily fluids failed to list, among other things, the number of offenses charged, the victims, the dates of the alleged offenses, and the jurisdictions where the alleged crimes occurred. Contrary to Thrasher's argument, however, all that is required to be specified in the search warrant is that the place or person to be searched and things to be seized be described with particularity. See *Franks v. State*, 240 Ga. App. 685, 689 (3) (524 SE2d 545) (1999); see generally OCGA § 17-5-21 (a). We find that such was the case here. The warrant listed Thrasher's name, his physical description, and his loca-

tion, and stated that it sought his blood and/or bodily fluids containing DNA. We see no requirement that the warrant itself contain the information Thrasher argues was erroneously excluded. See id.; see also *Minter v. State*, 206 Ga. App. 692-693 (1) (426 SE2d 169) (1992). Moreover, much of this information was provided in the affidavit supporting the search warrant. Thus, we find no error in the court's denial of Thrasher's motion to suppress on this ground.

(b) Thrasher argues that the DNA results should have been suppressed because the certificate of accreditation the Georgia Bureau of Investigation (GBI) received for its crime laboratory did not bear any signatures (the names of the executive director and manager of the program were printed on the certificate). We find no authority requiring that such certificates bear signatures. Moreover, any deficiency in accreditation would go to the weight of the testing results, not their admissibility. See *Bluain v. State*, 242 Ga. App. 125, 130 (2) (529 SE2d 155) (2000).

(c) Thrasher also argues that the DNA evidence should have been suppressed because there was insufficient proof that the technique used by the GBI was valid and capable of producing reliable results. To the contrary, the GBI's forensic biologist testified at length regarding the procedures for extracting, amplifying, profiling, and matching DNA. The biologist further explained that she conducted PCR testing, which method has been accepted as valid in Georgia. *Bluain*, supra, 242 Ga. App. at 130 (2). Thus, the trial court did not err in denying Thrasher's motion to suppress on this ground.

2. In two separate enumerations, Thrasher argues that the court erred in allowing certain testimony at trial and in denying his motion for mistrial based on that testimony. We will not disturb such rulings by the trial court unless the court has abused its discretion. See *Stone v. State*, 257 Ga. App. 306, 307 (1) (570 SE2d 715) (2002); *Moreno v. State*, 251 Ga. App. 352 (1) (553 SE2d 387) (2001).

At trial, the GBI's forensic biologist testified that a computer system generates a frequency number that represents how many times a DNA profile like that identified in Thrasher occurs in a population. The biologist testified that with some of the bodily fluid samples, this number was "one in every three quadrillion people in the African-American population and one in every one quadrillion people in the Caucasian population." She explained that when a number over one in ten billion is generated, the quadrillion number is used as a cutoff to represent that the DNA belongs to that person or to their identical twin.

Thrasher argues that the court erred in overruling his objection to this testimony because the astronomical numbers were inaccurate and prejudicial. However, this court has previously upheld this type of testimony as proper. *Gulley v. State*, 244 Ga. App. 629, 631-632 (2)

(536 SE2d 530) (2000). Moreover, as explained in Division 1 (c), the DNA results were properly admitted. Thus, the court did not err here in allowing such testimony or in denying Thrasher's motion for mistrial on this ground.

3. Thrasher argues that the court erred in denying his motion to sever one of the burglary offenses (Count 11) from the other nineteen counts. The trial court may join offenses for trial if they are based on the same conduct, on a series of connected acts, or on a series of acts constituting parts of a single scheme or plan. *Jones v. State*, 254 Ga. App. 863, 866 (4) (564 SE2d 220) (2002). However, where multiple offenses are joined only because they are of the same or similar character, the trial court, upon motion by the defendant, must order separate trials for each of the offenses. *Anderson v. State*, 236 Ga. App. 679, 680 (1) (513 SE2d 235) (1999). "The determination whether to grant or deny a motion to sever the trial of separate criminal offenses is within the discretion of the trial court." (Citation and punctuation omitted.) *Jones*, supra, 254 Ga. App. at 866 (4). "[W]here the evidence of one crime would be admissible as a similar transaction in the trial of the other crime, or where the similarity of the offenses manifests a pattern, the trial court does not abuse its discretion in denying the motion for severance." (Citations omitted.) *Bolton v. State*, 258 Ga. App. 581, 582 (1) (574 SE2d 659) (2002).

Thrasher argues that the burglary count here did not involve the same victims and was not "part of a scheme or plan in connection with the other counts of the indictment." However, the evidence showed that the perpetrator of the burglary entered through a rear bedroom window and, when discovered, fled with a jewelry box. Several pieces of the stolen jewelry were found at a car wash where Thrasher lived. All of the crimes here occurred over a one-month period, within about a two-mile radius of Winder, in the late-night/early-morning hours. Therefore, the offenses here were not joined solely on the basis that they were of similar character. The offenses "were properly joined because they constituted a series of criminal acts closely connected by geography, time, and manner so as to constitute a scheme or plan of criminal conduct." (Citation omitted.) *Eady v. State*, 182 Ga. App. 293, 296 (4) (a) (355 SE2d 778) (1987). Thus, the court did not abuse its discretion in refusing to sever the burglary offense from the remaining offenses.

4. Thrasher argues that the court erred in refusing to allow him to ask particular questions concerning racial bias during voir dire and that this denied him the right to a fair and impartial jury. Thrasher was not permitted to ask: "Would it make a difference to you if a black family moved in next door? . . . What do you think of integration? . . . How do you feel about affirmative action? . . . Has a member of your family ever dated a black person? . . . Would you

have any objection to your son or daughter dating a black person?" The court did, however, allow Thrasher to ask potential jurors about their membership in civic organizations and whether there were any African-Americans in those organizations, how many black people lived in their neighborhood, and how often they visited the home of a black person.

"The scope of voir dire is largely left to the trial court's discretion, and the voir dire in this case was broad enough to ascertain the fairness and impartiality of the prospective jurors." (Citation and punctuation omitted.) *Cromartie v. State*, 270 Ga. 780, 785 (10) (514 SE2d 205) (1999). Even assuming that the questions Thrasher sought to ask were proper and should have been permitted, such error would have been harmless in light of the fact that he was allowed to ask a number of similar questions exploring the issue of racial bias. See *Cherry v. State*, 230 Ga. App. 443, 444 (1) (496 SE2d 764) (1998).

5. In three enumerations, Thrasher argues that the court erred in allowing the admission of shoe impressions taken from one of the crime scenes and from Thrasher's shoe soles because such evidence was not relevant. A crime scene agent took photographs and produced imprints of shoe impressions left at one of the crime scenes. A microanalyst with the GBI compared those impressions with Thrasher's shoes and found a match of wear pattern and tread design.

"The admission or exclusion of evidence that is objected to on the ground of relevance rests in the sound discretion of the trial court whose decisions will not ordinarily be disturbed on appeal absent an abuse of that discretion." (Footnote omitted.) *Gober v. State*, 249 Ga. App. 168, 172 (3) (547 SE2d 656) (2001). Here, the evidence of the shoe impressions with elements matching Thrasher's shoes was probative evidence connecting Thrasher to the crime scene. See *Lighten v. State*, 259 Ga. App. 280, 282 (1) (576 SE2d 658) (2003); see also *Harper v. State*, 171 Ga. App. 63, 64 (318 SE2d 502) (1984). "Moreover, we note that shoe print comparison evidence has been widely admitted for many years in the courts of this State." (Citations omitted.) *Cromartie*, supra, 270 Ga. at 787 (18).

6. In four enumerations, Thrasher argues that the court erred in overruling various objections and in allowing the admission of certain evidence. These allegations of error all concern crimes with which Thrasher was charged involving a particular victim. Without deciding whether any of the court's actions were error, we note that the trial court granted a directed verdict on those counts. Thus, Thrasher has failed to show harm. *Downs v. State*, 240 Ga. App. 740, 744 (5) (524 SE2d 786) (1999).

*Judgment affirmed. Smith, C. J., and Ruffin, P. J., concur.*

DECIDED JUNE 13, 2003.

Wayne L. Burnaine, for appellant.
Timothy G. Madison, District Attorney, Robin R. Riggs, Assistant District Attorney, for appellee.