A06A2438. DAUGHERTY v. THE STATE.
(642 SE2d 345)

MILLER, Judge.
Following a jury trial, James Daugherty was convicted of cocaine trafficking and a related firearms charge. He now appeals from the trial court's denial of his motion for a new trial, citing: (1) insufficient evidence to sustain his convictions; (2) the trial court's refusal to allow his withdrawal of a previously filed consent agreement; (3) the

---

trial court's failure to give, sua sponte, a jury charge on equal access; (4) the trial court's denial of his motion to re-poll a juror; and (5) ineffective assistance of counsel. Discerning no error, we affirm.

"On appeal from a criminal conviction, the evidence must be viewed in the light most favorable to support the verdict, and [the defendant] no longer enjoys a presumption of innocence." (Citations and punctuation omitted.) *Jackson v. State*, 252 Ga. App. 268 (1) (555 SE2d 908) (2001). We determine only whether the evidence, so construed, was sufficient to support the verdict, and in doing so we neither weigh that evidence nor judge the credibility of the witnesses. Id.

So viewed, the evidence shows that Daugherty was charged with trafficking in cocaine (Count 1), selling cocaine (Count 2), possessing a firearm during the commission of a felony (Counts 3 and 4), and possessing a firearm as a convicted felon (Count 5). Although contained in a single indictment, the charges stemmed from two separate incidents occurring on April 10, 2003. At approximately 9:00 p.m. on that date, Officer Bryant Burns of the Atlanta Police Department ("APD") Narcotics Unit went to 153 South Avenue in Atlanta to perform an undercover drug investigation. Burns told the man who answered the door that he wanted to purchase a "hit" of something, and he was admitted to the residence. Burns was shown into a room where Daugherty sold him a single hit of crack cocaine. While there, he observed several other bags that appeared to contain crack cocaine on a table next to Daugherty. In a dispute over change owed to Burns, Daugherty brandished a gun and told the officer to leave the residence. Burns returned to his precinct and placed the drugs into evidence, planning to obtain a search warrant for the following day.

On the same night that Burns purchased drugs from Daugherty, the Zone 3 Strike Force Unit was conducting its own surveillance of Daugherty's residence. During a five- to ten-minute period, officers observed what they believed to be five to six drug transactions. The officers approached the house, knocked, and identified themselves as members of the APD investigating drug activity in the area. When they requested permission to enter the house, Daugherty first went into another room before returning to admit them.

Daugherty initially told the officers that the residence was his, but upon further questioning stated that, while he lived there, the lease was in his girlfriend's name. When asked, both Daugherty and his girlfriend gave their consent for the police to search the residence.

When searching the room that Daugherty had entered before admitting them to the house, the officers discovered a gun underneath a cushion of the sofa on which a woman was sleeping. After the police placed the woman in handcuffs and secured the gun, she glared

at Daugherty and stated that the gun was not hers and "that whoever the gun belonged to better step forward."

Continuing their search, the officers found a briefcase behind the sofa that held a number of plastic bags containing crack cocaine. They then arrested Daugherty, based on the fact that he was the one "in control of [the] scene" inside the house.

When the officers brought Daugherty to the Zone 3 precinct for booking, Burns recognized him and told the officers he had just purchased crack cocaine from Daugherty.

Following Daugherty's indictment, the State filed a Notice of Intent to introduce similar transaction evidence at the trial.[1] This evidence consisted of a guilty plea entered by Daugherty on March 11, 2002 on charges of possession of cocaine with intent to distribute and felony obstruction of an officer.

The attorney originally representing Daugherty, Michelle Gopman, filed a motion to sever the trial of Count 1 (trafficking) from the trial of the remaining counts. She also filed motions to suppress evidence obtained as a result of the police search of the residence and Daugherty's post-arrest statements to the police.

On July 3, 2003, the parties filed a consent agreement, whereby Daugherty agreed to withdraw his severance and suppression motions in exchange for the State's agreement to withdraw its motion regarding the introduction of similar transaction evidence. Gopman signed this agreement on behalf of Daugherty.

On September 19, 2003, Steven Kellis replaced Gopman as Daugherty's trial counsel. On November 10, 2003, the morning of trial, Kellis filed a new motion to sever, seeking separate trials on the charges arising out of the sale of crack cocaine to Burns (Counts 1, 3, and 5) and the charges arising out of the police search of Daugherty's residence (Counts 2 and 4). The trial court allowed Daugherty's trial counsel to argue this motion and denied the same on the merits.

After a jury convicted him of all charges, Daugherty filed a motion for a new trial, which the trial court denied.

1. Daugherty first challenges the sufficiency of the evidence used to convict him on the cocaine trafficking and related firearms charge.

(a) To prove the cocaine trafficking charge, the State had to show that Daugherty was "knowingly in possession of 28 grams or more of cocaine or of any mixture with a purity of 10 percent or more of cocaine." OCGA § 16-13-31 (a) (1). Possession may be either actual or constructive. *Uriostegui v. State*, 269 Ga. App. 51, 53 (603 SE2d 478) (2004). Constructive possession exists where a person "though not in

---

[1] At the sentencing phase, such evidence would permit the State to seek an enhanced sentence of 40 years to life imprisonment. See OCGA §§ 16-13-30 (d); 17-10-7 (a); 17-10-7 (c).

actual possession, knowingly has both the power and the intention at a given time to exercise dominion or control over a thing." *Meridy v. State*, 265 Ga. App. 440, 441 (1) (594 SE2d 378) (2004).

Daugherty does not dispute that the amount of cocaine found in the briefcase seized by police was sufficient to support a trafficking conviction. Rather, he argues that because there were several people in the residence at the time police conducted their search, the briefcase could have belonged to any of them and the State therefore failed to prove possession.

The evidence showed that Daugherty was selling crack cocaine out of his residence. Although several people were in the house when Burns asked to purchase drugs, he was taken to Daugherty. While buying the drugs, Burns saw a number of bags apparently containing crack cocaine on a table next to Daugherty. No more than an hour later, approximately 58 grams of crack cocaine were found in a briefcase hidden in the same room where Burns made his purchase. The arresting officers had seen Daugherty go into that room before admitting them to the house, and it was clear to the police officers conducting the search that Daugherty was the individual in "control of the scene" inside the house.

This evidence is sufficient to sustain Daugherty's conviction on the cocaine trafficking charge. "To warrant a conviction on circumstantial evidence, the proved facts need exclude only *reasonable* hypotheses — not bare possibilities that the crime could have been committed by someone else. And questions of reasonableness are generally decided by the jury." (Punctuation and footnote omitted; emphasis in original.) *Jackson v. State*, 281 Ga. App. 83, 84-85 (1) (635 SE2d 372) (2006). While the presence of others in the house may be viewed as inculpating those individuals, their presence need not be viewed as exculpating Daugherty. See, e.g., *Cantrell v. State*, 204 Ga. App. 330, 331 (419 SE2d 141) (1992). It was for the jury to decide how to weigh and view that evidence, and we will not disturb their judgment unless it is "insupportable as a matter of law." *Jackson*, supra, 281 Ga. App. at 84-85.

(b) Daugherty also argues that the evidence was insufficient to convict him for the possession of a firearm while committing the felony of cocaine trafficking. We disagree.

At trial, Burns testified that the weapon seized by police was the same gun Daugherty had brandished at him earlier on the evening of his arrest. The gun was found hidden in the same room as the briefcase — the room that officers had seen Daugherty enter before he admitted them to the residence. This evidence was sufficient to allow the jury to find that Daugherty had constructive possession of the gun. See *Wright v. State*, 279 Ga. App. 299, 300 (1) (630 SE2d 774) (2006) ("As long as there is slight evidence of access, power, and

intention to exercise control or dominion over an instrumentality, the question of fact regarding constructive possession remains within the domain of the trier of fact.") (punctuation and footnote omitted).

2. Daugherty next argues that the trial court erred in refusing to allow him to revoke the consent agreement under which he withdrew his original motion to sever the trial of the cocaine trafficking and related firearms charge from the trial of the cocaine possession charge and the weapons charges stemming from the same. The record is clear, however, that a motion to withdraw the consent agreement was never filed. Rather, Daugherty's trial counsel filed a new severance motion the day trial was scheduled to begin. Despite the fact that it was untimely, the trial court allowed Daugherty's trial counsel to argue the merits of that motion, and denied the same based on that argument.

We will not disturb the trial court's ruling on a motion to sever unless it resulted from an abuse of discretion. *Johnson v. State*, 281 Ga. App. 7, 9 (2) (635 SE2d 278) (2006). No such abuse occurred here. Offenses are properly joined for trial where they represent "a series of criminal acts closely connected by geography, time, and manner so as to constitute a scheme or plan of criminal conduct." (Citations and punctuation omitted.) *Thrasher v. State*, 261 Ga. App. 650, 652 (3) (583 SE2d 504) (2003). Here, the acts were the possession and sale of crack cocaine, occurring in the exact same location within an hour of one another. Under these circumstances, the trial court could properly conclude that the separate offenses represented but parts of a single criminal enterprise.

3. Daugherty further asserts as error the trial court's failure to charge the jury on the "equal access" rule as it applied to the cocaine trafficking and related weapons charge. Daugherty argues that, although he did not request such a charge, the court was obligated to give one sua sponte.

"The equal access rule entitles a defendant to acquittal where the only evidence of possession is the defendant's ownership or control over the premises, and the defendant can show that others recently had access to the premises." (Citations omitted.) *Jones v. State*, 254 Ga. App. 863, 865 (2) (564 SE2d 220) (2002). The rule functions as a defense "available to the accused to whom a presumption of possession flows" by reason of his ownership or control of the premises where contraband was found. (Citation and punctuation omitted.) Id. "The trial court must charge the jury on the defendant's sole defense, even without a written request, if there is some evidence to support the charge." *Tarvestad v. State*, 261 Ga. 605, 606 (409 SE2d 513) (1991). However, where the trial court has not charged the jury "as to the presumption of possession or its equivalent, it is not error to fail to charge on equal access where the charge as a whole substantially

and adequately covers the principles contained in an equal access instruction." (Citations and punctuation omitted.) *Render v. State*, 240 Ga. App. 762, 763 (b) (525 SE2d 134) (1999).

In this case, the trial court did not instruct the jury as to any presumption of possession as a result of Daugherty's control of the premises. Additionally, the trial court charged the jury: that Daugherty was presumed innocent until proven guilty; that there was no burden on Daugherty to prove his innocence; and that the jury had to acquit Daugherty if the State failed to prove his guilt beyond a reasonable doubt. The trial court further instructed the jury as to the standard for convicting on circumstantial evidence and that an individual's presence at the scene of illegal activity is insufficient, standing alone, to support a finding of guilt. "Under these circumstances, the charge as a whole adequately covered the principles contained in an equal access charge." *Render*, supra, 240 Ga. App. at 763 (b).

4. Following the verdict, the trial court polled the jury. Believing that the body language and facial expressions of one juror indicated her disagreement with the verdict, Daugherty's trial counsel asked that the juror be re-polled, outside the presence of the other jurors. The trial court denied this request, and Daugherty now asserts that this denial constitutes reversible error. We disagree.

"[T]he minimum requirements of a jury poll are met by asking [two] questions, 'Was that your verdict [in the jury room]?' and 'Is it now your verdict?' [Cit.]" *Blackwood v. State*, 277 Ga. App. 870, 875 (3) (627 SE2d 907) (2006). Where a juror responds affirmatively to these questions and indicates that his verdict was reached voluntarily, the verdict is unanimous. Id. This principle holds true even where a juror states that he had difficulty reaching the verdict, or continues to have reservations about the same. Id. See also *Young v. State*, 239 Ga. 53, 60 (6) (236 SE2d 1) (1977) ("The indication of 'reservations' does not prevent the verdict from being unanimous. The requirement is that a juror agree to a verdict."); *Scruggs v. State*, 181 Ga. App. 55, 56 (1) (351 SE2d 256) (1986) ("[E]ven reluctant agreement is sufficient" to support a unanimous verdict.).

5. Daugherty also asserts that he received ineffective assistance of counsel, citing trial counsel's failure to: (1) file a motion to suppress evidence seized as a result of the police search of his residence; (2) request an equal access charge as to the cocaine trafficking and related weapons charge; and (3) pursue the severance motion filed the day of trial.

"To prevail on a claim of ineffective assistance of trial counsel, [a defendant] bears the burden of showing both that trial counsel was deficient and that he was prejudiced by the deficiency." (Footnote omitted.) *Welbon v. State*, 278 Ga. 312, 313 (2) (602 SE2d 610) (2004).

Prejudice is shown by demonstrating "that a reasonable probability exists that the outcome of the case would have been different but for the deficient performance of counsel." *Allen v. State*, 277 Ga. 502, 503 (3) (591 SE2d 784) (2004). Daugherty cannot meet this burden.

(a) With respect to the motion to suppress, we first note that such a motion was filed by Daugherty's original trial counsel. That motion, however, was withdrawn in exchange for the State's agreement not to introduce evidence of Daugherty's prior conviction for possession of cocaine with intent to distribute and felony obstruction of an officer. Daugherty has failed to offer any argument as to why this decision amounted to ineffective assistance, as opposed to sound trial strategy. See *Welbon*, supra, 278 Ga. at 313 (2) (A finding of ineffectiveness will not result from trial counsel's strategy or tactics, if they were reasonable at the time.).

Moreover, it is undisputed that both Daugherty and his girlfriend consented to the search of their residence. Thus, because it resulted from a consensual, legal search, the evidence was not subject to suppression, and there was no basis for pursuing a motion regarding the same. Failure to pursue a meritless motion cannot constitute ineffective assistance of trial counsel. *Owens v. State*, 271 Ga. App. 365, 370 (5) (609 SE2d 670) (2005).

(b) As demonstrated in Division 3, supra, the jury charge given by the trial court, as a whole, adequately covered the principles contained in an equal access charge. Trial counsel's failure to request such a charge, therefore, did not prejudice Daugherty.

(c) As noted in Division 2, supra, Daugherty's trial counsel did pursue the motion to sever, and the trial court properly denied the same. Daugherty's claim of ineffective counsel, therefore, cannot be premised on a failure to pursue such motion.

For the reasons set forth above, the trial court's denial of Daugherty's motion for a new trial is affirmed.

*Judgment affirmed. Johnson, P. J., and Ellington, J., concur.*

DECIDED FEBRUARY 21, 2007.

*J. M. Raffauf*, for appellant.
*Paul L. Howard, Jr., District Attorney, David K. Getachew-Smith, Assistant District Attorney*, for appellee.